BLACK
v.
BROWN.

In an action of *slander* for charging the defendant with passing counterfeit bank notes, after a verdict for the plaintiff, a new trial will not be granted to the defendant, on an affidavit of newly discovered evidence, which went merely in support of a plea of *justification*. *Aliter*, if the new evidence goes only to the plea of *not guilty*.

BEERS *against* ROOT.

THIS was an action of *slander* brought against the defendant, for saying that the plaintiff had passed counterfeit bank notes. There were several counts in the declaration. The defendant pleaded *not guilty*, with notice of a *justification*. The cause was tried at the *Delaware* circuit, in *June*, 1812, before Mr. Justice *Van Ness*. The jury found a verdict for the plaintiff.

A motion was now made to set aside the verdict and for a new trial, on the ground of newly discovered evidence. The affidavit of the defendant stated, that since the trial of the cause, he had discovered new evidence, which was unknown to him at the time of the trial; the nature of which evidence was set forth in the affidavit.

*Foot*, for the defendant.

*Sherwood*, contra.

*Per Curiam.* The law will not allow a new trial to the defendant, merely to afford him an opportunity to prove the plaintiff a *felon*. Such an indulgence would not have been granted to the *people*, if the party so charged had been once tried and acquitted. If the defendant had discovered new evidence which went to the plea of *not guilty* and that only, it would have altered the case; but we cannot permit him to fish for further evidence to support his plea of a justification of such a charge. The motion must be denied.

Motion denied.

———◈———

BLACK *against* BROWN.

A judge in vacation may enlarge the time for making a case.

THE COURT said, that the time allowed by the 6th rule of *January* term, for making a case, might be enlarged by the order of a judge in vacation. The practice, in that respect, had been altered since the decision in *Jackson*, ex dem. *Low*, v. *Hornbeck*, (2 *Johns. Cas.* 115.) which must now be considered as overruled.