HELEN J. HOOKER, Respondent, v. ALFRED TERPENNING, Appellant.

*Supreme Court, Second Department, General Term, February* 10, 1890.

*New trial. Newly-discovered evidence.*—To justify an order for a new trial for subsequently discovered evidence, such evidence must have come to the knowledge of the moving party after the trial, the failure to ascertain it before must be owing to no want of due diligence, it must not be cumulative, and it must be of such character and so material that it will probably produce a different verdict if a new trial is obtained.

Appeal from order denying motion for a new trial made on the ground of newly-discovered evidence.

Action for slanderous words imputing unchastity to plaintiff. Defense, denial, and in mitigation that plaintiff was a woman of bad character and repute, and associated with women of ill-repute, and acted in an improper manner with certain men named in said answer. Plaintiff recovered on the trial. Thereafter defendant moved for a new trial on the ground of newly-discovered evidence, which was denied, the court delivering the following opinion :

BARNARD, P. J.—The rule in respect to newly-discovered evidence is that it must not be cumulative. Another is that it could have been discovered by reasonable diligence. The evidence is simply an additional instance of bad behavior on the part of the plaintiff to that given on the trial. This particular instance was made the subject of inquiry on the former trial, as shown by the moving papers the least diligence could have procured the additional evidence, and in the interest of peace one trial ought to be deemed to answer, including all the evidence the parties wished to present. It is due to the plaintiff to say that I have carefully examined

the testimony offered. It consists of facts sworn to be true by many witnesses. The worth of the facts will be wholly destroyed if one fact is proven by the plaintiff. The allegation of impropriety is that plaintiff is guilty of improper conduct with one Mayhew on a Saturday night, September 17, 1887. Did she stay with Mayhew at Fishkill Landing on this night?

On Thursday she wrote a letter to her mother that she would be home Saturday night. She swears that she did go, and get home at about 6 P. M. Her mother met her at the train and depot carrying her baggage home. Mr. and Mrs. Weiberg had a long talk with the plaintiff at her mother's on Saturday night after she came. Mrs. Enkler had a visit from her on Sunday morning, the next day, before the arrival of the train which must have carried the plaintiff home if the moving papers are right. Upon the whole case I feel justified in discrediting the moving papers, and the motion is, therefore, denied, with ten dollars costs.

*C. Morschauer*, for appellant.

*W. J. Thorn*, for respondent.

DYKMAN, J.—This is an action for slander. It was tried at the circuit before a jury, and the plaintiff obtained a verdict. The defendant then made a motion for a new trial on the ground of newly-discovered evidence, which was denied, and this is an appeal from the order of denial.

To justify an order for a new trial for evidence subsequently discovered, such evidence must have come to the knowledge of the moving party after the trial, and it must be owing to no want of due diligence that it was not ascertained before. It must not be cumulative, and it must be of such character and so material that it will probably produce a different verdict if a new trial be obtained.

The moving papers here fail entirely to bring the case up

to the severe standard established by the foregoing rules of law.

The failure to discover the evidence now disclosed, and which the defendant claims to be new, was due entirely to the failure of the plaintiff and his attorney to exert any diligence for its discovery. All he did was to write to a lawyer to obtain the information, and then wait until the first day of the circuit to receive the report. He knew what testimony was essential, and after the trial he went to Pawlings and found it; a careful preparation required him to make such visit and such inquiry before the trial. So that it was owing to the want of due diligence that the testimony was not discovered, which caused the failure to make the discovery.

Beside all that the testimony is cumulative and fails to be effectual for that reason. It goes to the character of the plaintiff, and there was testimony of that kind introduced by the defendant, and then the probability that the newly-discovered evidence would produce a different result if a new trial was granted is quite remote.

The defendant was not called to deny the slander, and many witnesses were called to speak of the character of the plaintiff. With all such testimony the jury gave the plaintiff a verdict, and there is no reasonable probability that more testimony of the same character would vary the result.

The order should be affirmed, with costs and disbursements.

PRATT, J., concurs.