### HARTMAN *v.* MORNING JOURNAL ASS'N.

*(Common Pleas of New York City and County, General Term. June 6, 1892.)*

**1. NEW TRIAL—SURPRISE.**

In an action for libel, defendant's motion for a new trial will not be granted on the ground of surprise caused by evidence as to the falsity of a statement contained in the alleged libel, when the truth of such statement was expressly put at issue by the answer.

**2. SAME—NEWLY-DISCOVERED EVIDENCE.**

Neither will such a motion be granted on the ground of newly-discovered evidence, when the evidence is that of a person known to defendants, and from whom they derived a large part of the information on which the alleged libel was founded, even though such person could not be found to testify at the time of the trial.

Appeal from special term.

Action for libel by Charles J. Hartman against the Morning Journal Association. From an order denying a motion for a new trial made on the ground of newly-discovered evidence, defendant appeals. Affirmed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

*Dos Passos Bros.*, (*John R. Dos Passos*, of counsel,) for appellant. *Louis J. Grant*, for respondent.

BOOKSTAVER, J. In the view we take of this case, it is not necessary to determine whether *Beers* v. *Root*, 9 Johns. 264, is now the law of this state. The motion was made under section 1002 of the Code of Civil Procedure for

matters outside the record. The principal grounds for such motions have been generally regarded as three, to wit, newly-discovered evidence, surprise, and misconduct of the jury. The latter ground is not raised by the moving papers, as no misconduct is charged. It must therefore rest upon surprise or newly-discovered evidence. We do not think it can be successfully based upon the ground of surprise; for, in the complaint and accompanying schedules, it was expressly set forth that the plaintiff had been libeled by the statement in one of the articles published in defendant's paper, as follows: "Mr. Hartman claims that he has not had a cent out of it. There is a stack of his I O U's in the office, a foot high, where he has taken the money collected and put it in his pocket, and put an I O U in its place." The seventh paragraph of the answer, in substance, alleged that the schedules attached to the complaint, and marked "A," "B," and "C," in the latter of which this is contained, are, and each of them was at the time of the publication of the same, true in each and every particular. The defendant itself, therefore, tendered the issue of the truthfulness of this statement when it served its answer, and it should have anticipated that the plaintiff, upon the trial, would have given testimony as to so grave a charge; and, had there been an intention to justify it, it ought to have prepared its testimony in order to do so. The papers show conclusively that the statement in regard to this matter was obtained by one of defendant's reporters from one of the very persons whom it is now claimed has only just been secured as a witness; but it knew from the beginning of the action that he and the other witnesses now produced would be needed. The defendant, by its reporters or others, must have been in communication with James, otherwise known as Boyce, at the time that the alleged libel was prepared; and it was their duty to have known his whereabouts at all times afterwards, and to have kept him within reach, or if, through any inadvertence, this was not done, then they ought, when the case was called for trial, to have stated their inability to procure their witnesses, and asked an adjournment for that purpose, instead of which the action was on the day calendar for October 1st, and each succeeding day until the 9th of that month, when the trial began, and defendant's counsel answered "ready" each day, and made no request whatever for an adjournment for any cause; nor did he make such request after the trial was commenced, and during its continuance. For the reasons before stated, it cannot be successfully urged that the matter was newly-discovered evidence. The testimony of a witness known to the defendant before the trial, and whom he could not find to subpœna, is not newly-discovered evidence. *Ranous* v. *Trageser*, 1 Wkly. Dig. 25; *Hernstein* v. *Fleming*, Id. 401; *Chamberlain* v. *Lindsay*, 1 Hun, 231. The evidence in question must, we think, or ought to, have been known to the defendant's officers before the trial. They ought to have been prepared to have produced the witnesses to give it. Such evidence is not newly discovered. *Hooker* v. *Terpenning*, (Sup.) 8 N. Y. Supp. 639. It is not sufficient to say that they did not know that one of the witnesses upon whom they relied was going under an assumed name. They knew him personally, derived a large portion of their information from him, and it was their duty to have known where the author of such grave charges could be had when needed. Or, as before said, if they lost track of him, then they should have applied for an adjournment. It appears to us that the defendant voluntarily took the hazard of a trial without witnesses which it knew of, and should have had; and, after being defeated, it would be putting a premium upon litigation to grant a new trial on the grounds urged. The order should therefore be affirmed, with costs.