## STATE v. BARNES.

Where accused knew several months before the trial for theft that the state charged him with having instigated the theft and that part of the conversation wherein he instigated the crime was in the hearing of B., who was not a witness at either of the three trials of accused, and to procure whom no continuance was asked, the testimony of B., relating to such conversation was not newly discovered evidence authorizing a new trial; he being a known material witness who was called to testify.

If the court refuses a continuance to procure an absent witness upon a proper showing, a proper exception by accused will save his rights respecting the continuance on an appeal.

An affidavit supporting a motion for a new trial for newly discovered evidence should be made by accused personally, so that, if false, it would form the basis for a perjury charge.

Evidence on motion for a new trial for newly discovered evidence held to show an absolute want of diligence by accused in attempting to procure such evidence for use at the trial.

(Opinion filed December 14, 1910.)

Appeal from Circuit Court, Stanley County. Hon. W. G. Rice, Judge.

Tom Barnes was convicted of grand larceny, and the judgment was affirmed in the Supreme Court, 26 S. D. —, 128 N. W. 170, and he thereafter, pending the motion for rehearing, moved to remand the case to permit an extension of the time for moving for a new trial. Motion denied.

*Gaffy & Stephens,* for appellant. *S. W. Clark, Atty. Gen.,* and *J. H. Johnson, State's Atty.,* for the State.

WHITING, P. J. This cause is pending in this court upon an appeal from a judgment of conviction in the circuit court of Stanley county. It was fully submitted to this court upon such appeal, and this court, on the 4th day of October, 1910, handed down its decision, by which decision the judgment of conviction was affirmed. The opinion will be found in 128 N. W. 170. During the time allowed an appellant to petition this court for rehearing, the appellant, on November 1, 1910, filed a petition for a rehearing in this court, which petition has as yet not been acted upon. Upon the 7th day of November, 1910, appellant, upon the affidavit of L. L. Stephens, one of his counsel, and the affidavit of Thomas Boyd, procured from this court an order requiring the respondent herein to show cause why this case should not be remanded to the circuit court in and for Stanley county, for the purpose of permitting an extension of the time for a motion for a new trial of said cause on the ground of newly discovered evidence. Upon the return day of said order the respondent appeared, and, in resistance of the motion of the appellant, filed the affidavits of W. J. Boyd, Clara M. Boyd, and J. H. Johnson. It is this application to have the cause remanded for the purpose above mentioned that is now before this court for consideration.

Four matters are presented upon this application: (1) The jurisdiction of the court to consider the application; (2) the ma-

teriality of the evidence sought to be produced; (3) the question whether or not the evidence that appellant is seeking to produce is newly discovered evidence; (4) the diligence used by the appellant. It must be conceded that the appellant must show not only that this court has jurisdiction to consider the application, but also that the evidence in question is newly discovered and is material, and that he has used diligence to produce the same. If he has failed in any one or more of these matters, he is not entitled to the relief sought. We will consider but two of these propositions, for the reason that we are satisfied that appellant has failed to show that it is newly discovered evidence which he seeks to produce, and has also failed to show due diligence to procure that which he seeks to produce.

By reference to the opinion of this court above referred to, it will be found that the only connection which the state claimed this appellant had with the commission of the crime for which he was convicted was through conversations, which it is claimed took place between appellant and one of the parties who actually stole the horses, for stealing which appellant was convicted. It will be also found that the evidence upon which appellant was convicted had, several months prior to such conviction, been presented upon two separate trials of this defendant based upon other informations, so that appellant, long before the trial at which he was convicted, knew that the state was accusing him of having instigated the theft of the horses in question, and furthermore knew that it was claimed by the state that part, at least, of the conversation wherein appellant was accused of instigating the commission of this crime, was in the presence and hearing of one Thomas Boyd. Said Thomas Boyd was not a witness at any of the trials of this appellant; neither was any continuance sought by appellant in order to give him opportunity to procure the attendance of said Boyd. Defendant is now asking for this cause to be remanded, in order for him to apply to the trial court for new trial, and at such new trial to produce the evidence of said Thomas Boyd.

If this cause had not yet been appealed, would the trial court be justified, upon the showing made before us, in granting a new

trial? We think not. It must be presumed that appellant knew what, if anything, he had said in the presence of Boyd, and therefore knew, at the time of the trial, of the importance to him of Boyd's presence as a witness. Appellant testified as to what he said to the party alleged to be his accomplice. It must be presumed that Boyd would tell the truth if called as a witness; in fact, only upon such presumption is the testimony of any witness ever received. Appellant therefore cannot be heard to say that the matter, which, by the affidavit of Thomas Boyd, it appears he stands ready to swear to, is newly discovered evidence; such matter being corroborative of the testimony of appellant as given upon the trial, and being (according to his own evidence) just what he has known all along was said in the presence of said Boyd. It is therefore a case, not of newly discovered evidence, but of a material witness not present at the trial. If appellant wanted the witness at the trial, he should have made a showing for continuance, and, if the state would not concede that the witness if present would testify as claimed by appellant, and the court had refused a continuance, an exception to the ruling of the court would have saved the appellant's rights upon an appeal. 29 Cyc. 885 and 893.

In Kendall v. Limberg, 69 Ill. 355, the court said: "It is lastly urged that the court erred in not granting a new trial, on the ground of newly discovered evidence. As to Williams, who was with defendant at the time of the alleged arrest, his testimony was known to defendant previous to the time of the trial, and it is only his place of residence that has been discovered since the trial. The defendant should have made an application for a continuance, on account of not having been able to procure the testimony of this witness, instead of voluntarily going into the trial without it." In Hartman v. Morning Journal Ass'n (Com. Pl.) 19 N. Y. Supp. 401, the court said: "The testimony of a witness known to the defendant before the trial, and whom he could not find to subpœna, is not newly discovered evidence. Ranous v. Trageser, 1 Wkly. Dig. 25; Hernstein v. Fleming, 1 Wkly. Dig. 401; Chamberlain v. Lindsay, 1 Hun, 231. The evidence in question must, we think, or

ought to, have been known to the defendant's officers before the trial. They ought to have been prepared to. have produced the witnesses to give it. Such evidence is not newly, discovered. Hooker v. Terpening; 8 N. Y. Supp. 639. It is not sufficient to say that they did not know that one of the witnesses upon whom they relied was going under an assumed name. They knew him personally, derived a large portion of their information, from him, and it was their duty to have known where the author of such grave charges could be had when needed. Or, as before said, if they lost track of him, then they should have applied for an adjournment. It appears to us that the defendant voluntarily took the hazard of a trial without witnesses which it knew of, and should have had; and, after being defeated, it would be putting a premium upon litigation to grant a new trial on the grounds urged." In Johnson v. Brown (Tex. Civ. App.) 65 S. W. 485, the court said: "The sixth assignment is that the court erred in refusing a new trial, made on the ground of newly discovered evidence. The new testimony alleged was that of the father and sister of Johnson as to his age. The court refused the application upon testimony which showed that the attorney for Rose and wife knew of the existence of the father's, mother's, and a brother's testimony before the trial. The application, however, discloses that, while the attorney had acquired this knowledge from Johnson, Johnson himself did not know, and was not able to inform him until after the trial, of the whereabouts of the father, mother, and brother, and the attorney was therefore unable to have their testimony at the trial. It is very plain that the application was properly denied as far as such testimony was concerned. The attorney, knowing the existence of this testimony, did not ask for a continuance to enable him to make further efforts to get it, but was satisfied to go to trial, and take his chances on the testimony he had. Sayles, Tex. Civ. Prac. § 675."

But even if it could be claimed that the evidence of Thomas Boyd was newly discovered, yet the appellant has wholly failed to show due diligence in his efforts to produce same. Thomas Boyd was in or near Stanley county shortly before this crime was com-

mitted. He had a brother living in Stanley county, who has been living in said county until the present time. Appellant knew of this brother. Appellant was convicted in the fall of 1909. In December, 1909, he procured an order granting an extension of time within which to give notice of intention to move for a new trial. In said order it was recited that one of the grounds for said motion would be newly discovered evidence. Motion for new trial was served in February, 1910, and heard in March, 1910. The same was based upon a bill of exceptions, and in no manner attempted to raise any question of newly discovered evidence. No affidavit of appellant is presented showing what, if any, diligence he used to find Thomas Boyd, and no excuse or reason is given why appellant has not made a showing in this court over his sworn signature. The affidavit of his counsel is presented, in which is set forth the facts which it is claimed show diligence on the part of appellant. This affidavit does not set forth anything done by counsel for appellant, but simply what it is claimed appellant in person did. It is clear that the affiant could have known nothing whatever in relation to the matters sworn to, except as he was advised by his client. This affidavit should have been made by appellant, so that, if false, it could form the basis for a charge of perjury. In this affidavit of counsel, it is claimed that appellant searched for Thomas Boyd, and made inquiries of many persons; that he has endeavored to find the address of Boyd ever since the trial; that Boyd had a brother in Stanley county, and that the appellant went to see the brother, but was informed by him that he neither knew the address of Thomas Boyd nor could give any information from which appellant could locate him; that the parents of Thomas Boyd lived in Canada, but he could not obtain their address; that it was testified at the trial that Thomas Boyd was also in Canada; that recently appellant made another trip to the residence of the brother of Boyd and found the wife of said brother at home, and from her learned where Thomas Boyd was, the brother's family having recently heard from him. The brother of Thomas Boyd, W. J. Boyd, swears that he knew of Thomas Boyd's address as early as about January 1, 1910, and would have

informed appellant thereof at any time if he had inquired, but that neither appellant nor his counsel ever asked him for same. The wife of W. J. Boyd, Clara Boyd, swears that she was never asked the address of Thomas Boyd by appellant until October 20, 1910, and that she also had known the address of Thomas Boyd since about January 1, 1910, and would have given information concerning the same if inquiry had been made; and she also swears she knew the address of Boyd's parents. October 20, 1910, was seven months after the motion for new trial—nearly that long since appeal taken—several months since cause finally submitted upon appeal, and over two weeks after the decision of this court upon the appeal. The affidavits of W. J. Boyd and Clara Boyd certainly overcome the affidavit of the attorney as to what his client did. The record therefore shows an absolute want of diligence on the part of appellant, and, inasmuch as the trial court, upon the showing made here, could not rightfully grant a new trial, the cause should not be remanded for the purpose of presenting in that court a motion for new trial.

The motion of appellant is denied.