## STATE, Respondent, v. McGRATH, Appellant.

### (193 N. W. 601.)

(File No. 5207.    Opinion filed May 17, 1923.)

1. **Criminal Law—Evidence—Trial—Admission of Newspaper Article Containing Account of Crime Held Not Prejudicial.**

   The admission in evidence in a prosecution for rape of a newspaper article containing a purported account of the crime, though not to be commended, held not prejudicial in view of the contents of the article and the other evidence in the record.

2. **Rape—Criminal Law—Evidence—Evidence Held Sufficient to Show Penetration.**

   In a prosecution for rape on a seven year old girl, evidence by prosecutrix and by the physicians who examined her held ample to warrant the jury in finding penetration as defined by Rev. Code 1919, Sec. 4094.

3. **Rape—Statutory Rape — Criminal Law — Consent — Consent of Seven Year Old Girl Is Immaterial.**

   Under Rev. Code 1919, Sec. 4092, a female under the age of eighteen years in incapable of giving consent to sexual intercourse, and therefore the question of resistance by a seven year old girl to rape is utterly irrelevant.

4. **Rape—Evidence—Identity—Evidence Held Sufficient to Show Identity of Accused as Guilty Person.**

   In a prosecution for rape of a seven year old girl, testimony by a policeman that he saw the girl with defendant going from the place where she claimed she was raped, and that the policeman had seen the defendant around town for about two years and knew him by sight, held sufficient to prove that defendant was the guilty person, notwithstanding his claim of alibi.

5. **Criminal Law—New Trials—Apeal and Error—Discretion in Denying New Trial Not Reviewed Unless Abused.**

   The trial court is vested with a discretion in the granting or the denying of a motion for a new trial, and the Supreme Court will not, in a matter of that kind, reverse the trial court in the absence of a showing that such discretion was abused.

Appeal from Circuit Court, Minnehaha County; Hon. John T. Medin, Judge.

Robert McGrath was convicted of rape and he appeals from the judgment and from the order denying his motion for a new trial. Affirmed.

30—Vol. 46, S. D.

*Michael G. Luddy,* of Sioux Falls, for Appellant.

*Byron S. Payne,* Attorney General, *Ray F. Drewry,* Assistant Attorney General, and *L. E. Waggoner,* State's Attorney, of Sioux Falls, for Respondent.

(1) To point one of the opinion, Appellant cited: State v. McCormick, 20 Wash. 94, 54 Pac. 764; Woodward v. Leavitt, 107 Mass. 466, 9 Am. St. Rep. 49; People v. Stokes, 103 Cal. 193, 37 Pac. 207, 42 Am. St. Rep. 102; Williams v. State (Tevas), 25 S. W. 629, 28 S. W. 958; State v. Walton, 92 Ia. 455, 61 N. W. 179; Cartwright v. State, 71 Miss. 82, 14 South. 526; People v. Leary, 105 Cal. 486, 39 Pac. 24; People v. Stokes, 103 Cal. 193, 37 Pac. 207, 42 Am. St. Rep. 102; People v. McCoy, 71 Cal. 395, 12 Pac. 272; Walker v. State, 37 Tex. 366; Carter v. State, 9 Lea (Tenn.), 440; State v. Robinson, 20 W. Va. 713, 43 Am. Rep. 799; Farrer v. State, 2 Ohio St. 54; Mattox v. United States, 146 U. W. 140, 13 Sup. Ct. 50, 35 L. ed. 917; Meyer v. Cadwalader (C. C.), 49 Fed. 32; State v. Caine, 111 N. W. 446, 24 Pac. 666.

Respondent cited: Sec. 4908, Rev. Code 1919; 16 R. C. L. 303; Com. v. Phelps, 209 Mass. 396, 95 N. E. 868; Com. v. Valverdi, 32 Pac (Sup. Ct.) 241.

(2) To point two, Appellant cited: 22 R. C. L. 1177-1178.

Respondent cited: 22 R. C. L. 1180; Note 8 L. R. A. 297; State v. McCaffrey, 63 Ia. 479.

(3) To point three, Respondent cited: State v. Bancroft, 23 N. D. 442, 137 N. W. 37; 33 Cyc. 1453, 1452; Don Moran v. People, 25 Mich. 356, 12 Am. Rep. 283; 10 Enc. of Ev. 581.

(4) To point four, Respondent cited: Grace v. State, 234 S. W. 541.

ANDERSON, P. J. March 23, 1922, about 6:25 p. m., Susie Devolas, a seven year old schoolgirl in first B grade, left her father's candy store in Sioux Falls, this state, to take some bread and medicine home. . On the way she met defendant, who offered her a dollar to go with him. She laid the bread and medicine down and went with defendant to Millis' coal shed, a little way down across the tracks behind some buildings, just as it was getting dark. Defendant laid Susie on the coal and pulled up her dress and, as she calls it, "laid on her." Defendant put something

between her legs, and put what defendant wet out of into her. Defendant was on top of her more than once. "Q. Was that while he was on top of you, or was that before? A. The first time." Defendant hurt her between the legs and hurt her back. She cried all the time and also "hollered." Defendant held his hand over her mouth. Defendant "shivered." Susie was afraid of defendant, who told her not to tell what had happened, and said he would kill her if she did tell. She returned from the shed with defendant to Philips avenue, where Policemen Pike and Bell saw defendant leave her, and Pike took her to her father's store about 9:30 p. m. Her eyes were all black. She was black all over. She was sore, and, though not crying badly then, looked as though she had been crying. She could hardly stand up, and she said her back was sore, and that she had been playing with a little girl on the east side. There was blood on her underwear. Susie's father had to stay in the store and had sent Susie home. Her mother saw Susie at 11 p. m., but was sick and did not put Susie to bed. When the mother saw the condition of Susie's clothes the next morning Susie told her what happened. Examination by physicians of the girl's genital organs showed that the opening of the genital tract was injured, the hymen was lacerated, and the sides of the genital organ had been injured. There was considerable dark bloody fluid between the thighs and genitals and there had been a recent penetration of the female parts, which were swollen. The vulva was much inflamed and had small pieces of cinders on it. This statement of the facts appears to be warranted by the testimony for the state. The testimony of defendant and his witnesses is practically all directed toward the establishing of an alibi. The case was submitted to the jury, and it returned a verdict finding the defendant guilty as charged in the information.

[1] Counsel for defendant predicates error upon the admission of Exhibit A; the same being an article appearing in the Sioux Falls Press of March 25, 1922, which in a general way contains a purported account of the crime as alleged. This article is quite lengthy, and we believe it will serve no good purpose to extend this opinion by encompassing the article. Suffice it to say that, while we do not commend the action of the state's attorney in offering in evidence Exhibit A, nor the action of the trial court

in receiving it in evidence, yet, after a careful reading and consideration of Exhibit A, and in the light of other evidence properly in the record, we do not believe that the admission of the exhibit constituted prejudicial error.

[2]   The next assignment is based upon insufficiency of the evidence to prove penetration.   In view of the testimony of the physicians who examined the little girl, and particularly her private parts, together with her testimony as to the actions of the defendant while in the coal shed, we believe that there was ample evidence in the record from which the jury may well have found that penetration, as defined by section 4094, was shown.

[3]   Assignment No. 3 raises the question of the insufficiency of the evidence to prove resistance as charged by the court.   A female under the age of 18 years is incapable, under the statute (Rev. Code 1919, § 4092) of giving consent to any act of sexual intercourse; therefore the matter of resistance is utterly irrelevant. State v. Allison, 24 S. D. 622, 124 N. W. 747.

[4]   Appellant challenges the sufficiency of the evidence to prove the defendant is the person who assaulted the little girl. This contention we deem to be without merit.   The policeman Ed Pike testified that he received information from the father of the little girl that she had been lost and was looking for her when he saw her.   He testified that he saw the little girl that night coming from First avenue on Tenth street and was about one block east of Philips avenue; that at that time defendant was with her.   He also testified that he had seen him around the town and knew him by sight for about two years; that he took her down to the store to her father; that she looked dirty; that the dirt looked like black coal dirt; and that her clothes were all dirty.

[5]   The trial court, who had the opportunity of hearing and seeing the witnesses who testified in this case, has denied appellant's motion for a new trial.   It has been repeatedly held that the trial court in the granting or the denying a motion for new trial is vested with a discretion.   It is also well established that this court will not in a matter of that kind reverse the trial court in the absence of a showing that the trial court abused such discretion.

The judgment and order of the trial court are affirmed.

Note—Reported in 193 N. W. 601. See, Headnote (1), American Key-Numbered Digest, Criminal law, Key-No. 1169(1), 17 C. J. Sec. 3662; (2) Rape, Key-No. 52(2), 33 Cyc. 1486, 22 R. C. L. 1177; (3) Rape, Key-No. 13, 33 Cyc. 1424; (4) Rape, Key-No. 52(1), 33 Cyc. 1487; (5) Criminal law, Key-No. 1156(1), 17 C. J. Sec. 3589.

As to whether statute fixing age of consent renders girl below that age incapable of sexual crime, see note in 27 L. R. A. (N. S.) 872.