STATE, Respondent, v. TESCHER, Appellant.

(208 N. W. 164.)

(File No. 5448.   Opinion filed April 5, 1926.)

1. **Criminal Law.**

   Exclusion of exhibit consisting of signature of witness to testimony in prosecution for grand larceny, if error, held not prejudicial.

2. **Criminal Law—Trial—Appeal and Error.**

   Refusal of trial court to advise acquittal is not reversible error.

3. **Criminal Law—Briefs—Instructions.**

   Instructions will not be reviewed, where they are not set out in appellant's brief.

4. **Criminal Law—Settled Record—New Trial.**

Trial court has authority to amend settled record by express provision of Rev. Code 1919, Sec. 2546.

5. **Criminal Law—Verdict—Jury.**

Affidavits of jurymen are not acceptable to impeach verdict, except where arrived at through element of chance.

6. **Criminal Law—Trial—State's Attorney—State Attorney's Statement that Witness Was Unwilling Held Not Reversible Error, in Absence of attempt to correct prejudice.**

State attorney's statement in presence of jury that "this witness is an unwilling witness, and I want to get the facts out," held not reversible error, where no attempt was made to correct alleged prejudice.

7. **Criminal Law—Trial.**

New trial for misconduct of attorney is largely discretionary with trial court, and reversal unwarranted, unless such discretion was plainly abused.

8. **Criminal Law—Newly Discovered Evidence—Court Did Not Abuse Discretion in Refusing New Trial for Newly Discovered Evidence for Absence of Material Witness Whose Testimony Would Have Been Cumulative.**

Absence of material witness for accused after diligent attempt to locate him should be made ground for motion for continuance, where exception to adverse ruling would save question for review, and trial court did not abuse its discretion in refusing new trial on ground of newly discovered evidence based only on absence of such witness.

9. **Criminal Law—Appeal and Error.**

Granting new trial for newly discovered evidence is within sound discretion of trial court, and its order will not be disturbed, unless discretion abused.

Note.—See, Headnote (1), American Key-Numbered Digest, Criminal law, Key-No. 1170(1), 17 C. J. Sec. 3679; (2) Criminal law, Key-No. 753(2), 16 C. J. Sec. 2300, 17 C. J. Sec. 3687 (Anno.); (3) Criminal law, Key-No. 1130(2), 17 C. J. Sec. 3497; (4) Criminal law, Key-No. 1110(2), 17 C. J. Sec. 3450; (5) Criminal law, Key-No. 957(1), 16 C. J. Sec. 2750½; (6) Criminal law, Key-No. 1037(1), 17 C. J. Sec. 3332; (7) Criminal law, Key-Nos. 919(1), 1156(1), 16 C. J. Sec. 2620, 17 C. J. Sec. 3589; (8) Criminal law, Key-No. 941(1), 16 C. J. Sec. 2721; (9) Criminal law, Key-Nos. 938(1), 1156(3), 16 C. J. Sec. 2708, 17 C. J. Sec. 3589.

Appeal from Circuit Court, Perkins County; HON. W. F. EDDY, Judge.

Roll E. Tescher was convicted of grand larceny, and he appeals. Affirmed.

*Harry P. Atwater*, of Sturgis, and *P. J. Tscharner*, of Rapid City, for Appellant.

*Buell F. Jones*, Attorney General, and *Bernard A. Brown*, Brief Attorney, of Pierre, for the State.

DILLON, J. This appeal is from a judgment upon conviction of grand larceny, and from an order denying a new trial, and also from an order denying a new trial upon the ground of newly discovered evidence.

The state's attorney of Perkins county filed an information. charging defendant with the crime of grand larceny of two horses, alleging that said horses were the property of one H. E. Good. Defendant pleaded not guilty. The case was tried, and under instructions from the court the jury returned a verdict of guilty. Defendant made a motion for a new trial, which motion was denied, and the court entered judgment upon such verdict, sentencing defendant to serve a term of three years in the state penitentiary at Sioux Falls, S. D. Defendant then served a motion for a new trial upon the ground of newly discovered evidence and this motion was also overruled.

Appellant bases his appeal upon 32 assignments of error.

[1] Assignment No. 4 alleges error in the exclusion of a certain exhibit; said exhibit being the signature of a witness to the testimony. There may have been error in such exclusion, but we fail to see wherein appellant was prejudiced thereby.

In assignment No. 5 appellant seeks to show a variance between the information and the evidence. However, after closely examining the evidence, we find that this contention is entirely without foundation.

Assignments 6, 7, 8, 9, 10, 11, 12, 13, 16, 18, 19 will be deemed to have been abandoned, since appellant has not substantially argued them in his brief.

[2, 3] Assignments Nos. 20 and 21 refer to the plaintiff's motion at the close of the state's case to dismiss and to direct or advise the jury to return a verdict. Assignments Nos. 26 and 27 refer to the same motions made at the close of the evidence. The

rule is laid down in State v. Drapeau, 189 N. W. 305, 45 S. D. 507, as follows:

"It is settled law of this jurisdiction that refusal of trial court to advise acquittal is not reversible error."

In appellant's arguments of these assignments he has assailed the instructions of the trial court, but has failed to set the instructions out in his brief, and they will, therefore, not be reviewed by this court. State v. Rathjin, 193 N. W. 247, 46 S. D. 412; State v. Devers, 143 N. W. 364, 32 S. D. 473; Bottum v. Kamen, 180 N. W. 948, 43 S. D. 498.

Assignment No. 28 presents the question of coercion of the jury. We have carefully examined the record, and fail to find that any coercion existed. State v. Price, 138 N. W. 14, 30 S. D. 299.

[4] Assignment No. 29 alleges that the trial court has no authority to amend the settled record. Section 2546, R. C. 1919, provides:

"Any transcript, whether objected to or not, shall be subject to amendment by the trial judge, such amendment to be made after ten days notice to all parties."

[5] Assignment No. 31 predicates error upon the ruling of the trial court in refusing the motion for a new trial based upon all of the alleged errors in the settled record, and for the reason that the jury arrived at a verdict by improper means. We have failed to find any prejudicial error in the record, and "the affidavits of jurymen are not acceptable to impeach the verdict, except where arrived at through an element of chance." State v. English, 172 N. W. 116, 41 S. D. 560.

[6, 7] With the exception of assignment No. 32, the remaining assignments relate to the rulings on evidence and misconduct of counsel. We have carefully examined the alleged errors, and find no prejudice in the rulings upon the evidence. The misconduct complained of was the statement of the state's attorney, in the presence of the jury, that "this witness is an unwilling witness, and I want to get the facts out." There was no attempt to correct the alleged prejudice at the time of the trial, and we do not believed that the statement complained of is sufficient ground upon which to base reversible error. In State v. Bechtold, 48 S. D. 219, 203 N. W. 511, it is held that a "new trial for misconduct

of attorney in his argument is largely discretionary with the trial court, and appellate court will not reverse, unless discretion is plainly misused."

[8] Assignment No. 32 predicates error upon the refusal of the trial court to grant a new trial upon the ground of newly discovered evidence. We find, however, that it is not a case of newly discovered evidence, but of a material witness not being present at the trial. The affidavit of the absent witness, one Willey, offered to support the motion for a new trial, shows: That he had left the state of South Dakota, and did not know, until some time after the trial, that appellant had been convicted of grand larceny; that he did not leave an address whereby it would have been possible to communicate with him. The affidavit of appellant shows, that he was diligent in attempting to locate said witness, but, if he desired this certain witness present at the trial, he "should have made a showing for continuance, and ,if the state would not concede that the witness, if present, would testify as claimed by appellant, and the court had refused a continuance, an exception to the ruling of the court would have saved appellant's rights upon appeal." 29 Cyc. 885, 893; State v. Barnes, 129 N. W. 116, 26 S. D. 622.

[9] The granting of a new trial upon the grounds of newly discovered evidence is within the sound discretion of the trial court, and the order of the trial court will not be disturbed upon appeal, unless there has been an abuse of that discretion. The evidence sought to be introduced by means of said Willey is purely cumulative, as shown by his affidavit, and the trial court did not abuse its discretion in denying appellant's motion. State v. Gregory, 141 N. W. 365, 31 S. D. 425; State v. Southmayd, 158 N. W.. 404, 37 S. D. 375; State v. Raice, 123 N. W. 708, 24 S. D. 111; State v. Hegland, 121 N. W. 798, 23 S. D. 328, 139 Am. St. Rep. 1066.

The order of the lower court is affirmed.

GATES, P. J., and CAMPBELL, J., concur in the result.

MISER, Circuit Judge, sitting in lieu of SHERWOOD, J.