STATE, Appellant, v. RUHAAK, Respondent.

(241 N. W. 793.)

(File No. 7331. Opinion filed March 29, 1932.)

M. Q. Sharpe, Attorney General, R. W. Ellis, State's Attorney, of Elk Point, and Alan Bogue, of Parker, for the State.

Thomes McInerny, of Elk Point, for Respondent.

CAMPBELL, P. J. Defendant was found guilty by a jury of the offense of rape. Prosecuting witness was the adopted child of

defendant's parents. Defendant was a man something over thirty, and the girl between fifteen and sixteen at the time of the offense, and she had been a member of the family for seven or eight years. It was her claim at the trial that defendant had been having intercourse with her regularly and frequently for several years. Defendant denied that he had ever been intimate with the girl, and claimed that she had been intimate with one Swenson and became pregnant as a result thereof and, Swenson being then absent, approached defendant for assistance; that he took her to consult a physician, to whom she told her story and to whom she stated that Swenson was the sole cause of her trouble. It was defendant's theory that the charge against him was utterly untrue and was a deliberate afterthought hatched up by prosecutrix and her aunt (who had long been hostile to defendant's family) to protect Swenson. Prosecuting witness admits that she first accused Swenson, but she says that she did so at defendant's request and for his protection, and that such accusation was false.

Defendant at the trial made an offer to prove a number of matters concerning the Swenson situation when cross-examining prosecutrix. He also endeavored when on the stand himself to testify as to various matters in that connection. Both of these efforts were objected to and objection sustained.

Defendant moved promptly for new trial and brought his motion on for hearing within fifty days after the verdict of the jury, and the trial court, after having the matter under advisement for nearly two months, granted a new trial specifying as the grounds thereof, first, that he had unduly restricted the defendant's cross-examination of the prosecutrix; second, that he had improperly rejected evidence offered by defendant for the purpose of showing motive of the prosecutrix; third, that the evidence was insufficient to sustain the verdict; and, fourth, that he had erred to defendant's prejudice in restricting defendant's testimony upon his direct examination. From the order granting new trial the state has appealed.

■■ An order granting new trial should be sustained, if right on any ground presented and urged therefor to the court below. Corsica State Bank v. Heezen, 54 S. D. 113, 222 N. W. 671. A plainer showing of abuse of discretion is required to justify the reversal of an order granting a new trial than is the case

638

with an order denying a new trial. Corsica State Bank v. Heezen, supra; State v. Crowley, 20 S. D. 611, 108 N. W. 491; State v. Swenson, 26 S. D. 589, 129 N. W. 119; State v. Hayes, 40 S. D. 104, 166 N. W. 424; State v. McGrath, 46 S. D. 465, 193 N. W. 601; State v. Bechtold, 48 S. D. 219, 203 N. W. 511; State v. Tescher, 50 S. D. 32, 208 N. W. 164.

The evidence was definitely in conflict. The trial court heard and observed the witnesses and their demeanor. The scope of permissible cross-examination is always to a very considerable extent in the discretion of the trial judge. The circumstances of the case were peculiar in some respects. The trial judge after mature consideration at the time of the motion for new trial, was doubtful of the sufficiency of the evidence and entertained the view that he had unduly restricted the defendant in his attempts to support his theory of the case.

Those are matters resting to no inconsiderable extent in the discretion of the trial court. We are of the opinion that no abuse of discretion appears upon this record, and the order appealed from is affirmed.

POLLEY, ROBERTS, WARREN, and RUDOLPH, JJ., concur.