STATE, Appellant, v. LAMBERT, Respondent.

(244 N. W. 118.)

(File No. 7396. Opinion filed September 1, 1932.)

*M. Q. Sharpe,* Attorney General, and *Frank S. Tait,* State's Attorney, of Gettysburg, for the State.

*Jacobs & Bottum,* of Faulkton, for Respondent.

CAMPBELL, P. J. Defendant, a young man about 25 years of age, was charged with rape in the first degree (subdivision 3,

§ 4092, R. C. 1919; section 4095, R. C. 1919); the information alleging that he accomplished an act of sexual intercourse with a female several months beyond the age of 18 years, forcibly overcoming her resistance thereto. The jury returned a verdict of guilty, whereupon defendant moved for a new trial, which was granted by the court below. The order granting a new trial specified the grounds thereof as follows:

"1. The evidence is insufficient to justify the verdict and said verdict is contrary to the law.

"2. The evidence clearly shows that the prosecutrix failed to use the means of resistance available to her in resisting the defendant.

"3. The evidence clearly shows, that under the circumstances the prosecutrix failed to resist to the extent of her ability so to do.

"4. That the only testimony showing the commission of the crime of rape by the defendant is the testimony of the prosecuting witness. That according to her testimony after an assault had been made and while the same was in progress and after the intention to commit said offense was apparent, John Meyers and Agatha Herman came to the door of car and opened the same. That there was ample opportunity for the prosecutrix to have made an outcry and prevented the commission of said offense. That she failed to make an outcry or complaint to them and allowed them to leave the car.

"5. The testimony of the prosecutrix is unconvincing, doubtful and unsatisfactory."

From the order granting a new trial, the state has appealed.

This court has given its full approval (State v. Dachtler, 43 S. D. 407, 179 N. W. 653) to the often quoted statement of Sir Mathew Hale (1 Hist. Plac. Cor. 635) that a charge of this nature "is an accusation easily to be made and hard to be proved, and harder to be defended by the party accused though never so innocent."

■■ There was in this case a square conflict between the testimony of the prosecutrix and the defendant. She claimed completed forcible defilement, while he denied any act of intercourse, forcible or otherwise. The learned trial judge heard the testimony in the case, and saw and observed the conduct and demeanor

of all the witnesses. He is in much better position than this court could possibly be, from a mere printed record, to form an intelligent opinion as to credibility of witnesses. He arrived at the conclusion that the testimony of the prosecutrix was so "unconvincing, doubtful and unsatisfactory" that the verdict of the jury ought to be set aside and a new trial granted. A trial judge is vested with considerable discretion with reference to the granting of a new trial, and his action in that regard ought not to be interfered with in the absence of a clear abuse of that discretion. Particularly when that discretion is exercised in favor of the granting of a new trial, this court should be very cautious about disturbing it. See State v. Ruhaak, 59 S. D. 636, 241 N. W. 793, and cases therein cited.

We have examined the record with care, and are of the opinion that no abuse of discretion here appears, and the order appealed from is therefore affirmed.

ROBERTS, WARREN, and RUDOLPH, JJ., concur.
POLLEY, J., absent and not participating.