STATE, Respondent v. HANSON, Appellant

(215 N.W.2d 130)

(File No. 11279. Opinion filed February 15, 1974)

Brady, Kabeiseman, Light & Reade, John R. Kabeiseman, J. W. Abbott, Law Clerk, Yankton, for defendant and appellant.

Kermit Sande, Atty. Gen., Walter W. Andre, Asst. Atty. Gen., Pierre, Larry Hosmer, State's Atty., Yankton, for plaintiff and respondent.

DUNN, Justice.

The appellant, David Hanson, was found guilty of third degree burglary by a Yankton County circuit court jury. After a presentence investigation he was sentenced to confinement in the South Dakota State Penitentiary for a period of one year. From this conviction and sentence the appellant has appealed.

Appellant's assignments of error on the trial court's failure to dismiss the information and grant a directed verdict for the defendant, and the trial court's failure to grant a new trial are essentially the same. It is contended that (1) the testimony and evidence as submitted by the state does not show beyond a reasonable doubt that the defendant committed a crime and (2) the evidence does not show beyond reasonable doubt that the defendant was not acting within the scope of his employment as an undercover agent at the time of the alleged crime. Actually these two contentions merge into one as the appellant freely admits his part in the burglary. He admits that his knee broke in the door with some aid from his companions; that he entered the building through the broken door and carried out whiskey, cigarettes and cash; and that he was given his share in the division of the loot. His real contention is that he committed the crime to avoid "blowing his cover" as an undercover agent for the state. He had been sent into Bon Homme and Hutchinson Counties to purchase narcotics and it is his contention that the burglary was merely an incident to his undercover activities and committed only to avoid arousing the suspicions of his companions who were also suspected of dealing in narcotics. There is no question that the appellant was employed as an undercover agent by the Division of Criminal Investigation at the time of the burglary. According to Mr. Patterson he was on the payroll of the DCI, but he was not employed to commit burglary. Mr. Patterson stated that he was employed specifically to "go into Bon Homme and Hutchinson Counties in an attempt to purchase narcotics".

With these uncontested facts in mind, we will examine the evidence and the conduct of the trial. The state in its direct case introduced evidence that a burglary had taken place at Swede's Bar in Lesterville, South Dakota, and that whiskey, cigarettes and cash were taken; it further introduced evidence that several bottles of whiskey and several cartons of cigarettes of the brands missing from Swede's Bar were found in appellant's car and in his apartment; it also introduced evidence of an admission made by appellant of his part in the burglary to Mr. Patterson; and the state corroborated all of this with the testimony of Mr. Serbousek who was a possible accomplice in the burglary. Further, the state

introduced evidence that the appellant's duties as an undercover agent did not include burglary and that appellant first denied any part in the burglary to the officers and did not admit the crime even to Mr. Patterson alone at his first opportunity. Later he did admit his part in the crime to Mr. Patterson and now states that the reason for not admitting his complicity in the first instance was because of the other officers present.

The appellant, in his own testimony, fully developed his defense. He testified as to his employment as an undercover agent; that he had actually made a purchase of marijuana from one of the participants in the burglary; that at the time he was picked up he was on the way to report to Mr. Patterson and to deliver the whiskey and the marijuana to him. On this same subject, broad cross-examination was permitted of Mr. Patterson as to the activities of undercover agents and how, out of necessity, they must associate with known felons. Two police officers from Sioux Falls and an assistant state's attorney from Minnehaha County were permitted to testify as to the manner in which the appellant had conducted undercover work for them and that he had been truthful and reliable in his reports. They also were permitted to testify from their knowledge and experience that undercover agents on other occasions had been forced to associate in the commission of crimes in order to avoid "blowing their cover", and to avoid danger to themselves and their families. The trial court refused to permit the state's attorney to cross-examine the appellant about a prior felony, largely on the grounds that it might be prejudicial to the type of defense in this case.

In instructing the jury, the trial court gave the usual instructions on the crime of burglary:

"The essential elements of the charge of burglary in the third degree are:

1. The unlawful breaking or entering of a building, structure, or vehicle, in which personal property was kept and with intent to commit larceny or any felony.

2. That the defendant did so unlawfully break or enter the building in question, at the time alleged, and with intent to commit larceny."

He further instructed as to the undercover activities:

"In this case, the Defendant, David Hanson, has introduced evidence that he was acting as an undercover agent for the Division of Criminal Investigation and Law Enforcement Agency of Bon Homme County, State of South Dakota, thereby justifying his presence and participation in the alleged crime. Because of the introduction of such evidence, the State has the burden of proving beyond a reasonable doubt that the Defendant, David Hanson, was not acting within the scope of his legal authority as an undercover agent. If the State fails to prove beyond a reasonable doubt that the Defendant, David Hanson, was not acting within the scope of his duties as an undercover agent, you shall find the Defendant not guilty."

In addition, the trial court instructed that the jury must find beyond a reasonable doubt that appellant was guilty of all elements of the crime of burglary which included the entering of the building *with an intent to commit larceny.*

The trial court did not err in refusing to grant a directed verdict of acquittal for the defendant. In State v. Nelson, 80 S.D. 574, 129 N.W.2d 54, this Court stated:

"When the state has introduced evidence upon which, if believed by a jury, they may reasonably find the defendant guilty of the crime charged, the state has made out a prima facie case, and the jury, not the judge, ought to pass upon it."

The jury heard the evidence as offered by the state and the evidence offered in support of appellant's defense. As indicated above, the trial court permitted wide leeway in letting appellant develop his defense. His defense was also fully covered by the court's instructions. Thus the question of appellant's guilt or innocence was fairly and fully submitted to the jury. It is well

established by decisions of this Court that "The jury are the exclusive judges of the credibility of the witnesses and the weight of the evidence." State v. Painter, 70 S.D. 277, 17 N.W.2d 12; State v. Bates, 76 S.D. 23, 71 N.W.2d 641; State v. Lutheran, 76 S.D. 561, 82 N.W.2d 507; State v. Burtts, 81 S.D. 150, 132 N.W.2d 209; State v. Weinandt, 84 S.D. 322, 171 N.W.2d 73, and State v. Harvey, 85 S.D. 202, 179 N.W.2d 723.

▇ The fact that the verdict was based on conflicting evidence is not in itself grounds for disturbing the verdict. In State v. Bates, supra, this Court stated:

> "The jury elected to disbelieve the defendant and his witnesses and accepted the warden's version of his conversation with the defendant. This the jury was privileged to do. The evidence of the state, including the reasonable inferences which the jury was at liberty to draw from the circumstances presented, is sufficient to justify its verdict. We cannot disturb that verdict on this appeal." See also State v. Fox, 72 S.D. 119, 31 N.W.2d 451.

▇ The trial court did not err in refusing to grant appellant a new trial. As indicated before, his grounds for a new trial were essentially the same as the grounds stated in seeking a directed verdict. There was no evidence or contention that the court abused its discretion in denying a new trial. This Court has stated on various occasions, and most recently in State v. Dowling, S.D., 211 N.W.2d 572, that:

> "*   *   * a motion for a new trial is addressed to the sound discretion of the trial court and the only function of the Supreme Court is to determine whether the trial court has abused its discretion *   *   *." See also State v. Larkin, 87 S.D. 61, 202 N.W.2d 862; State v. Lambert, 60 S.D. 172, 244 N.W. 118, and State v. Ruhaak, 59 S.D. 636, 241 N.W. 793.

Under the evidence outlined above, the trial court did not abuse its discretion in denying a new trial.

■ Finally, appellant contends that he was prejudiced by the trial court's handling of the presentence investigative report. The appellant made a motion to be allowed to see the contents of the presentence report, which was denied by the trial court under authority of SDCL 23-48-18 which states:

"Such report shall be privileged and confidential except for the use thereof by the court and the board in the disposition of the case in which made."

Appellant contends that he was prejudiced thereby in that he received a more severe sentence than his companions, and also because of remarks made by the trial judge during the sentencing procedure that indicated he was influenced by material in the presentence report. Appellant contends that at the very least he should have been informed of any allegations in the report so that he could have an opportunity to rebut any false information contained therein. This Court in State v. Robinson, S.D., 209 N.W.2d 374, recognized that the court may disclose a portion of the report and may allow the defendant to refute any information in it, but this action is "entirely discretionary with the trial judge."

It is difficult to determine from the record how the defendant was prejudiced by the sentence received. He was convicted of third degree burglary, which calls for a possible sentence of fifteen years. We know from sources other than the presentence report that he had a prior felony on his record from the State of Minnesota. Thus the sentence of one year would seem to be a minimum sentence under the circumstances.

■ The trial judge examined the presentence report; he held a hearing and permitted defense counsel to fully present and argue his motion to divulge the contents of the presentence report; and then ruled that because of the confidential nature and sources in the report, its contents would not be made known to the defendant or his counsel. We now hold that this was within his sound discretion. The peculiar facts of this case could well indicate good reasons for the trial court's decision.

We do not wish to indicate by this decision that trial courts should not be liberal at least in advising defense attorneys of any adverse information in a presentence report. As an officer of the court, the defense attorney is perfectly capable of observing the confidentiality required and this disclosure would foreclose the possibility of any inaccuracy of a serious nature in the report. This delicate situation is well stated in United States v. Fischer, 1967, 2 Cir., 381 F.2d 509:

> "The foregoing discussion, however, should not be construed to imply that the authority granted the sentencing judge in the amended Rule 32(c) to disclose material in the presentence investigation report and to give the defendant or his counsel an opportunity to comment on it should be exercised conservatively and in a niggardly fashion. On the contrary, the administration of justice would be improved by a liberal and generous use of the power to disclose. The main consideration against full disclosure is the prospect that the revelation of certain material given the probation officer in confidence, would result in the destruction of the sources of such material and its availability—a consequence which would be highly prejudicial to the difficult task of imposing a proper sentence. But where the material in no wise relates to such a confidential declaration, there would appear to be little reason not to disclose what has been reported to the sentencing judge. This is a matter, however, which must rest in his sound discretion."

The judgment and sentence of the trial court are affirmed.

All the Justices concur.