## POLK *v.* CARNEY *et al.*

1.  A contract between S., owner of land, and T., that T. is to cut the timber thereon, and deliver a certain amount of it to S., is but a license to T., which is revoked by S. conveying the land to a stranger without reservation.

2.  The granting of a new trial to defendant is in the discretion of the court, though an amendment of the answer is necessary for introduction of the defence sought to be interposed on the new trial.

(Opinion filed December 2, 1903.)

Appeal from circuit court, Meade county. Hon. LEVI MCGEE, Judge.

Action by Charles C. Polk against James E. Carney and others, partners as Carney, Davis & Co. From an order granting a new trial, plaintiff appeals. Affirmed.

*W. G. Rice* and *M. McMahon,* for appellant.

*Charles W. Brown* and *Wesley A. Stuart* for respondents.

FULLER, J. The predominating question to be determined on this appeal from an order granting a new trial is whether the record discloses manifest abuse of judicial discretion. The action was to recover the value of 80,000 feet of lumber as part consideration for the transfer of all the growing timber standing on certain premises formerly owned by Ernest Schleuning, and whatever rights plaintiff may have emanate from the following instrument:

"Rapid City, S. D., Dec. 19th, 1895.

"This contract is entered into between Ernest Schleuning of the first part and D. Twitchell of the second part, whereby the party of the second part is to cut the timber on a certain tract of land in Meade county and agrees to deliver thirty thousand feet in good merchantable lumber at track at Piedmont. The lumber to be delivered in 10,000 ft. lots.

ERNEST SCHLEUNING.

"D. TWITCHELL."

On the 5th day of August 1899, Twitchell, who had previously delivered the stipulated amount of lumber to Schleuning, entered into a contract with the defendants to sell all the growing timber that remained upon the land, and, in addition to the payment of $200, the receipt of which is acknowledged, the defendants agreed to deliver to him 80,000 feet of good lumber of specified dimensions within 60 days thereafter. It is alleged in the complaint that shortly after the execution of this contract Twitchell assigned the same to the plaintiff for a valuable consideration, and that he is now the owner and holder thereof. Admitting the execution of the contract in the form set out in the complaint, but alleging that plaintiff was always the real party in interest, the defense offered under the answer and counterclaim was failure of consideration and collusion on the part of plaintiff and Twitchell to defraud defendants, to their damage in the sum of $1,000, for which an affirmative judgment is demanded. By this executory agreement with Schleuning, Twitchell obtained a personal privilege amounting to no more than a license to enter upon the land for the purpose of cutting and removing the timber within a reasonable time. Upon the theory that the owner may, without the

slightest reluctance, grant to one person a license to go upon his land for the purpose of cutting and removing timber growing thereon, and at the same time and always refuse to accord such privilege to others, the courts have uniformly held that a license is personal in character and not assignable. That a license to enter on land and cut timber is revoked by a conveyance of the fee was squarely determined by this court in Price & Baker Company v. Madison, 95 N. W. 933. Many cases go to the extent of holding that such a license is extinguished by an attempt on the part of the licensee to transfer it to another. Mendenhall v. Klinck, 51 N. Y. 246; Dark v. Johnston, 55 Pa. 164, 93 Am. Dec. 732; Cowles v. Kidder, 57 Am. Dec. 287; Bates v. Duncan, 64 Ark. 339, 42 S. W. 410; 62 Am. St. Rep. 190; Ruggles v. Lesure, 24 Pick. 190; Jackson v. Babcock, 4 Johns 418; 18 Am. and Eng. Ency. of Law, 1143. No interest in the fee passes, and the timber adheres to and is a part of the soil until severed. Claflin v. Carpenter, 4 Metc. (Mass.) 580, 38 Am. Dec. 381; Garner v. Mahoney (Iowa) 88 N. W. 828; Halleck v. Mixer, 16 Cal. 574. The foregoing cases also sustain the proposition that a conveyance of the land to a third person includes the timber, and operates to revoke such nonassignable license. To the same effect are the following authorities: Drake v. Wells, 11 Allen 141: Cooley on Torts, 304,

Were it to be assumed that an amended answer is necessary to render admissible testimony showing that Schleuning had conveyed the land to a stranger without reservation, and by warranty deed, before the contract in suit was executed, the granting of a new trial would still be within judicial discretion, and sustainable by decisions of this court too numerous to mention.

Without any further discussion of the merits of the case, the order appealed from is affirmed.