## KUNZ v. DINNEEN *et al.*

1. The matter of granting a new trial is addressed to the sound discretion of the trial judge.
2. When the trial court grants an order for a new trial, a stronger case must be made in order to justify interference on appeal than when such relief has been denied.
3. In an action on a note to which the defense of payment was interposed, where defendants testified that the amount had been paid to the payee, who testified that he had not received any payment on account of the note in controversy, there was no abuse of discretion in setting aside a verdict for defendants and granting plaintiff a new trial on the ground of insufficiency of the evidence.

(Opinion filed June 30, 1904.)

Appeal from circuit court, Beadle county; Hon. J. H. Mc-Coy, Judge.

Action by M. Kunz against Catharine Dinneen and another. From an order granting a new trial, defendants appeal. Affirmed.

*W. A. Lynch* and *T. H. Null*, for appellants.

*Wood & Fairbank* and *A. W. Burtt*, for respondent.

FULLER, J.    Payment in full was relied upon as a complete defense to this action on a promissory note of $360 executed by the defendants to D. Romberg or order, and thereafter transferred by endorsement to plaintiff.    Upon conflicting testimony, the jury returned a general verdict in favor of the defendants, and judgment was accordingly entered.    Plaintiff moved for a new trial on a bill of exceptions duly settled, and containing specifications as to the insufficiency of the evidence, and errors of law occurring at the trial, and the defendants have appealed from an order granting a new trial.

By successive decisions, it is now fully settled in this state that the matter of granting a new trial is addressed to the sound discretion of the trial judge, and his action will only be reviewed when an abuse of such discretion is clearly manifested. Moreover, to justify interference on appeal from an order granting a new trial, a stronger case must be made than when such relief has been denied. As due allowance must be made for the opportunity of the trial judge to observe the manner of the witnesses upon the stand and determine their credibility, this court cannot weigh clearly conflicting testimony, and reverse an order granting a new trial on the ground of the insufficiency of the evidence to sustain the verdict.

Confessedly, D. Romberg and the defendants are the only persons having full knowledge of the facts, and the record discloses a substantial conflict in their testimony relative to the question of payment. According to the testimony of Michael and Catharine Dinneen, they never paid any part of the indebtedness mentioned in the complaint to any one but D. Romberg, and he swears positively that they never paid anything on account of the promissory note in controversy.

Whether the new trial was granted because the judge found the evidence insufficient to sustain the verdict, or was convinced that prejudicial errors of law had occurred at the trial, does not appear, yet the order appealed from must be sustained if within the proper exercise of judicial discretion. Although we have carefully examined the entire record, no abuse of the discretionary power of the trial judge has been discovered, and we deem it unnecessary at this time to decide points urged in support of the contention that prejudicial errors of law occurred at the trial.

The order appealed from is affirmed.