## STATE v. CROWLEY.

The venue of an offense is a matter of fact, which must be proved as laid in the indictment or information.

An order granting or refusing a new trial on questions of fact in a criminal case is so peculiarly within the discretion of the trial court that it will not be disturbed on appeal, in the absence of an affirmative showing that such discretion was abused.

In order to secure the reversal of an order granting accused a new trial, a stronger showing and a clearer case must be made than is required to reverse an order overruling such motion.

(Opinion filed, August 1, 1906.)

Error to Circuit Court, Meade County. Hon. LEVI McGEE, Judge.

Jerry Crowley was convicted of grand larceny, and from an order granting a new trial the state brings error. Affirmed.

*Philo Hall, Atty. Gen.,* and *James McNenny, State's Atty.,* for plaintiff in error. *Chauncey L. Wood* and *Charles W. Brown,* for defendant in error.

FULLER, P. J. At the November, 1903, term of the Meade county circuit court defendant in error entered a plea of not guilty and was tried and convicted of the crime of grand larceny under an information confessedly insufficient to charge a public offense. A new trial being granted, the state's attorney, with leave of court first obtained, prepared and filed a second information for the larceny of the same property, and the accused was regularly placed upon his trial and found guilty as charged in such information. The venue was laid in Meade county, while the evidence tended to show that the horses alleged to have been stolen were taken from Pennington county, and that the offense was committed there, if at all. There was serious conflict in the evidence as to whether the accused was the owner of the horses, and the instructions of the court to the jury are not entirely free from doubt as to their accuracy. The points above mentioned, together with other alleged errors of law occurring at the trial, were preserved by counsel for the accused and urged at the hearing of his motion for a new trial, which the court granted, and this writ of error was sued out by the state.

That the venue is a matter of fact, which must be proved as laid in the indictment or information, is too elementary to justify

the citation of supporting authority; and it is equally well settled that an order granting or refusing a new trial on questions of fact is so peculiarly within the discretion of the trial court that it will not be disturbed on appeal, in the absence of an affirmative showing that such discretion has been abused. In order to secure the reversal of an order granting a motion for a new trial, a stronger showing and clearer case must be made than is required to reverse an order overruling such motion. Alt v. Railway Co., 5 S. D. 20, 57 N. W. 1126; Grant v. Grant, 6 S. D. 147, 60 N. W. 743; Merchants' Nat. Bank v. Stebbins, 10 S. D. 466, 74 N. W. 199; Distad v. Shanklin, 11 S. D. 1, 75 N. W. 205; Thomas v. Fullerton, 13 S. D. 199, 83 N. W. 45; Troy Mining Co., v. Thomas, 15 S. D. 238, 88 N. W. 106; Rochford v. Albaugh, 16 S. D. 628, 94 N. W. 701; Polk v. Carney, 17 S. D. 436, 97 N. W. 360; Kunz v. Dinneen, 18 S. D. 262, 100 N. W. 165.

From the record before us, viewed in the light of the foregoing cases, it cannot be said that the trial court committed reversible error in granting the accused a new trial, and the order appealed from is affirmed.