## POLK v. CARNEY.

A written contract, whereby one party was to cut the timber from a certain tract of land and deliver a certain amount thereof to the other party, was not acknowledged, and was evidently not intended for record. It contained none of the phrases usually found in real estate conveyances, nor any apt words expressive of an intention to convey a present interest in the property. **Held,** that the contract was not a transfer of a present interest in the realty, but a mere license to enter and cut the timber, which was revocable at any time by the subsequent sale of the land to another person.

(Opinion filed, May 29, 1907.)

Appeal from Circuit Court, Meade County. Hon. JOSEPH B. MOORE, Judge.

Action by Charles C. Polk against James E. Carney and others. From an order granting a new trial, plaintiff appeals. Affirmed.

*W. G. Rice, M. McMahon*, for appellant. *Charles W. Brown, Wesley A. Stuart, and Ivan W. Goodner*, for respondents.

HANEY, J. In affirming the order of the circuit court granting defendants' application for a new trial, this court decided that the contract under which plaintiff's assignor claimed title to certain standing timber constituted a nonassignable and revocable license, which had been revoked by a conveyance of the land upon which such timber was standing. Polk v. Carney, 17 S. D. 436, 97 N. W. 360. The plaintiff in his petition for a rehearing did not

seriously dispute the proposition that a mere license to enter and remove standing timber is not assignable and is revoked by a sale of the realty to which the timber is attached, but he strenuously contended that the contract in this case operated to transfer an interest in real property, and was not revocable at the will of the owner of the realty. An examination of the authorities, conflicting as they are, will disclose that all contracts of this class present two important features, namely, the effect of the statute of frauds and the intention of the contracting parties. In this state growing trees must be regarded as a part of the realty. Rev. Civ. Code, §§ 186, 188. "An estate in real property, other than an estate at will or for a term not exceeding one year, can be transfered only by operation of law, or by an instrument in writing, subscribed by the party disposing of the same, or by his agent thereunto authorized by writing." Rev. Civ. Code, § 938. Hence present title to standing timber cannot be transferred by an oral contract, notwithstanding such may be the intention of the parties, but a license to enter and remove such timber may rest in parol; and, though a written instrument is essential to the transfer of a present interest, a mere revocable license may also be in writing. Price & Baker Co. v. Madison, 17 S. D. 247, 95 N. W. 933. The contract in this case, having been reduced to writing and subscribed by the owner of the realty, meets the requirements of the statute of frauds. Therefore effect should be given to the intention of the parties, and whether they intended to transfer a present interest in the realty or to confer a revocable license should be determined from the writing itself, viewed in the light of the circumstances attending its execution. This usually has been the course pursued in deciding these cases, though the reasons assigned are not at all consistent. Thus in Massachusetts, where tenants claimed under a deed containing apt words for the conveyance of an interest in realty which was duly executed and delivered, it was held that the parties intended to grant a present interest in the trees while growing, and not merely a right to enter and cut with title to same when severed from the soil. White v. Foster, 102 Mass. 375; while in Rhode Island it was held that the sale of standing timber by a written instrument, not acknowledged or recorded as a deed, amounted only to an execu-

tory contract or revocable license, which was revoked by a subsequent conveyance of the land to another person. Fish v. Capwell, 29 Atl. 840, 18 R. I. 667, 25 L. R. A. 159.

The contract in this case was in the following form: "Rapid City, S. D., Dec., 19th, 1895. This contract is entered into between Ernest Schleuning of the first part and D. Twitchell of the second part, whereby the party of the second part is to cut the timber on a certain tract of land in Meade county and agrees to deliver thirty thousand feet in good merchantable lumber at track at Piedmont. The lumber to be delivered in 10,000 ft. lots. Ernest Schleuning, D. Twitchell." It was not acknowledged, a fact to be considered in ascertaining the intention of the parties, though the absence of an acknowledgment did not preclude an immediate transfer as between the parties. It contains no apt words expressive of an intention to convey a present interest in the property. It has none of the phrases usually found in real estate conveyances. It was evidently not intended for record. The parties were contracting with reference to the timber, not the land. Twitchell was not entitled to use the land for any purpose other than to enter and cut the trees. He accepted a writing which was not entitled to be recorded, and hence no protection against purchasers of the land without notice. Neither the language of the contract nor the circumstances surrounding its execution justify the conclusion that the parties intended or understood the transaction to be anything other than an executory contract for the sale of growing timber—a license which was revocable by the subsequent sale of the land to another person.

So the views announced in our former decision are adhered to, and the order of the circuit court granting a new trial is affirmed.

CORSON, J., not sitting.