THOMPSON, Appellant, v. FINNERUD et al, Respondents.

(212 N. W. 497.)

(File No. 5814.   Opinion filed March 7, 1927.)

1.  **Game—Rights in Land—Easements—Hunting—Right to Hunt on Land May Be Granted as Easement (Rev. Code 1919, §§ 337, 338).**

   Right to hunt upon land may be given by license, but it may also be granted as easement or servitude, in view of Rev. Code 1919, §§ 337, 338.

2.  **Game—Instrument Giving Right to Hunt on Land Held Not License.**

   Instrument giving defendants right to hunt on certain land for 99 years, which did not provide for revocation within such period, and which instrument was assignable, is not license.

3.  **Game—Right to Hunt on Land for 99 Years Held Burden or Servitude on Land; "Easement" (Rev. Code 1919, §§ 296, 337, 338, 342).**

   Right to hunt on certain land for 99 years, conveyed by written instrument entitled "lease," which did not provide for revocation within that time, and which was assignable, held burden or servitude on land which could properly be called "easement," if attached to other land, rather than leasehold interest, in view of Rev. Code 1919, §§ 296, 337, 338, 342.

4.  **Easements—Easement or Servitude May Be Granted Without Using Word "Grant."**

   It is not necessary that word "grant" be contained in instrument in order to constitute given right an easement or servitude.

---

Note.—See, Headnote **(1)**, **(2)** and **(3)**, American Key-Numbered Digest, Game, Key-No. 3, 27 C. J. Sec. 5; **(4)** Easements, Key-No. 12(2), 19 C. J. Sec. 91.

Nature and extent of right created by private grant of hunting privileges, see annotation in 40 L. R. A. (N. S.) 300; 12 R. C. L. 689; 4 R. C. L. Supp. 764; 6 R. C. L. Supp. 718.

On the general rule that words showing intention to give easement by law grantable are sufficient to constitute easement, see 9 R. C. L. 748.

Appeal from Circuit Court, Codington County; Hon. W. N. Skinner, Judge.

Action by Dorothy H. Thompson against H. M. Finnerud and others. From judgments for defendants and from an order denying a new trial, plaintiff appeals. Affirmed.

*Sherin & Sherin,* of Watertown, for Appellant.

*Hanten, Hanten & Henrikson,* of Watertown, for Respondents.

GATES, J. In January, 1903, one Troeh, who was the owner of the land, executed and delivered to one Lovejoy the following instrument:

"Lease.

"This indenture, made this 10th day of January, 1903, by and between J. H. Troeh, party of the first part, and Geo. Lovejoy, party of the second part, witnesseth:

"That for and in consideration of the sum of ten dollars to him in hand paid, the receipt whereof is hereby acknowledged, the said party of the first part has let and leased, and by these presents does let and lease, to the party of the second part, the following described real estate for the purpose of shooting any and all game in legal season for ninety-nine years, from and after this date, viz: Lot six in section ten (10) in township one hundred and seventeen (117) of range fifty-four (54), Codington county, South Dakota. And it is understood and agreed that the said party of the second part may take with him, at any time, one friend to whom shall be extended the privilege of shooting. And it is agreed and understood that the right of shooting on said land shall be limited and restricted to eight others besides the parties to this contract and that except as herein stated no one else shall have any right to go upon and use said premises for shooting purposes. It is further understood that this lease is assignable to one person at a time.

"In witness whereof the said parties have hereunto set their hands the day and year first above written.        J. H. Troeh.

"In presence of:  S. B. Sheldon.
                        "S. E. Fowler."

(Certificate of acknowledgment.)

At the same time Troeh executed and delivered to eight other persons instruments similar in form. One of them was to defendant Finnerud; another to one Countryman, under whom defendant Fischer claims. Defendant Lamm claims under the Lovejoy instrument. These instruments were recorded in the register of deeds office before Troeh sold and conveyed the land. This action was brought in October, 1923, by plaintiff, mesne grantee of Troeh, to determine adverse claims to the real estate. Separate findings, conclusions, and judgments were entered against plaintiff and in favor of each defendant establishing the right of each defendant under said instruments as an easement and as a leasehold interest, and the court also established defendant's rights in the premises by prescription founded on such instruments. From the judgments and an order denying a new trial plaintiff appeals.

Plaintiff contends that the instrument is a mere license, revocable and nonassignable; that, as a lease, it extends beyond the statutory permissible period (section 296, Rev. Code 1919), and is void; and that defendants did not acquire prescriptive rights.

Respondents contend that the instrument is a grant of an easement, or, if not, then it is a valid lease, and, if neither, then that defendants have acquired by prescription the rights granted by the instruments.

Many errors are assigned and discussed, but, if we are right in determining that the instrument was a grant of a burden or servitude upon land, all other questions fade into insignificance.

Appellant in support of his license theory, relies, among other authorities, upon Butz v. Richland Twp., 28 S. D. 442, 134 N. W. 895; Polk. v. Carney, 21 S. D. 295, 112 N. W. 147, 130 Am. St. Rep. 719; Price & Baker Co. v. Madison, 17 S. D. 247, 96 N. W. 933; and Schnuerle v. Gilbert, 43 S. D. 535, 180 N. W. 953.

[1] It is perfectly true that the right to hunt upon land may be given by license, but it is just as true that such right may be granted as an easement or servitude. Rev. Code 1919, §§ 337, 338. Perhaps in a strictly technical sense the right given by the instrument above set forth may not properly be called an easement, because the above section 337 defines an easement as a burden or servitude upon land which is attached to other land. Section 338 provides that the right of taking game is one of the burdens or servitudes upon land that may be granted, though not attached to

land. The right under discussion here did not purport to be attached to other land, and therefore it was a burden or servitude upon land, if it was neither a license nor a leasehold interest.

[2] The very terms of the instrument preclude its interpretation as a license. 17 R. C. L. 564. Two of the characteristics of a license are expressly negatived, viz.: It is not revocable within the 99-year period, and it is assignable. Without more, it is sufficient to deny interpretation of this instrument as a license, because manifestly the parties did not so intend.

[3, 4] The extent of a servitude is to be determined by the terms of the grant or the nature of the enjoyment by which it was acquired. Rev. Code 1919, § 342. Whether it is to be interpreted as granting a servitude or a leasehold interest is perhaps not so important to decide, because, if it is a lease, it does not come within the prohibition of section 296, Rev. Code 1919, but, in view of the nature of the right granted, it seems to us that such right is a burden or servitude upon the land which could properly be called an easement, if it were attached to other land rather than a mere leasehold interest. 12 R. C. L. 689; 27 C. J. 943; Isherwood v. Salene, 61 Or. 572, 123 P. 49; 40 L. R. A. (N. S.) 299; and St. Helen Shooting Club v. Mogle, 234 Mich. 60, 207 N. W. 915. It is not necessary that the word "grant" be contained in the instrument in order to constitute the given right an easement or a servitude. 9 R. C. L. 748; Evenson v. Webster, 3 S. D. 382, 53 N. W. 747, 44 Am. St. Rep. 802.

We are of the opinion, therefore, that the judgments and order appealed from should be affirmed, in so far as servitudes upon land are established for the period of 99 years from the date of the instruments.

CAMPBELL, P. J., and POLLEY, SHERWOOD, and BURCH, JJ., concur.