CITY OF SIOUX FALLS, Respondent v. JOHNSON, Appellant

Appellant

(100 N.W.2d 750)

(File No. 9748. Opinion filed February 1, 1960)

**Anderson & Weisensee,** Sioux Falls, for Defendant and Appellant.

**John E. Burke,** Asst. City Atty., Sioux Falls, for Plaintiff and Respondent.

SMITH, J. The defendant stands convicted of driving while intoxicated in contravention of an ordinance of the City of Sioux Falls. The sufficiency of the evidence to sustain the verdict of guilty is not questioned. The principal contention is that the prosecuting attorney was guilty of such misconduct in the cross-examination of defendant as to render the trial unfair.

In an effort to account for his actions at the time of his arrest, the 22-year-old defendant had stated on direct examination that the arresting officer was angry and he, the defendant, was awfully scared. We quote from the record of the cross-examination as follows:

"Q. Mr. Johnson you have testified you were not drunk and that you were driving in a perfectly normal manner immediately prior to the time the officer arrested you? A. Yes sir.

"Q. Then what did you have to be scared about? A. I am always scared when I get some case like that.

"Q. How many times have your been arrested?"

"Objected to as incompetent, irrelevant and immaterial and prejudicial.

"The Court. I think that warrants the further question.

"A. When I am stopped for speeding or something I get nervous.

"Q. How many times have your been stopped? A. For speeding and going through red lights.

"Q. How many times for drunken driving?"

"Objected to as incompetent, irrelevant and immaterial and improper cross examination.

"The Court. You may answer the question.

"Q. How many times for drunken driving?
A. One more time before this.

"Q. And that was a felony charge out in San Diego wasn't it?

"Objected to as immaterial.

"The Court. Sustained.

"Q. In November, 1957?

"And move to have the question stricken from the record for the reasons stated.

"The Court. It may be stricken. Strike the part, it was a felony.

"By Mr. Weisensee. It is highly improper and prejudicial to the interests of the defendant."

 Counsel who represented defendant at the trial verified an application for a new trial which contained a statement as follows:

"That during the closing argument no record was made. That the following, in substance, is what transpired: That the city attorney commented during the argument to the jury on an alleged conviction of the defendant within six months previous to the trial of this matter, of the crime of driving while intoxicated in California. That this line of argument was objected to for the reason that is was a misstatement of the record and not supported by the evidence. That is was prejudicial to a fair trial for the defendant and that it was without proper foundation. Said objection was overruled by the court."

In the absence of a counter showing this statement of counsel must be accepted as true. State v. Wolfe, 64 S.D. 178, at page 184, 266 N.W. 116, at page 119, 104 A.L.R. 464. This comment during the argument of the prosecutor is without foundation in the evidence other than the cross-examination of defendant quoted supra. The propriety of that cross-examination has been considered in the light of this argument to the jury.

■ The prosecutor recognizes that other arrests are not admissible either as evidence of guilt of the charge under consideration or to discredit the defendant as a witness. State v. Runyan, 49 S.D. 406, 207 N.W. 482; State v. La Mont, 23 S.D. 174, 120 N.W. 1104, and Flathers v. Wilson & Co., 62 S.D. 548, 255 N.W. 149. However, because the defendant had introduced the subject of his previous arrests by his statement, "I am always scared when I get some case like that" and sought to create the impression that his actions at the time of his arrest were the result of nervousness rather than intoxication, the city attorney contends the exhibited crossexamination was not unfair. We are unable to agree.

■■ In its discretion, a trial court may allow considerable latitude in the cross-examination of the accused. 98 C.J.S. Witnesses § 401, p. 184, and 3 Wharton's Criminal Evidence, 12th Ed., § 887. Cross-examination may be as broad and as searching as the foundation of direct examination or of voluntary statement upon which it rests. State v. Miller, 43 Or. 325, 74 P. 658. And see State v. Vroman, 45 S.D. 465, 188 N.W. 746 and 3 Wharton's Criminal Evidence, 12th Ed., § 889. These general principles do not justify a needless and intentional injection of prejudice. As pointed out in State v. Thompson, 71 S.D. 319, 24 N.W. 2d 10, 19, "An accused, whether guilty or innocent, is entitled to a fair trial, and it is the duty of the court, and of prosecuting counsel as well, to see that he gets one."

■ In the circumstances, and particularly in view of defendant's voluntary reference to previous arrests, we do not question the propriety of an attempt by the city attorney to establish by cross-examination, if he could, that defendant had been so much in the hands of the law and arresting officers as to render unlikely that his actions at the time of the arrest were the product of nervousness rather than of intoxication. That could have been accomplished by inquiring about the number of his arrests. But we are persuaded from the entire record we have quoted, that the prosecuting attorney had more than that in mind. He knew

that the defendant had recently been convicted of driving while intoxicated in California, and in his zeal to convict one he sincerely believed to be guilty, he seized upon the testimony of defendant as an excuse for implanting in the mind of the jury that this was not the first time he had been arested for driving while intoxicated. In this, we think, he was unfair to the defendant. Having indulged in this cross-examination for the purpose of prejudicing the defendant, the city attorney can hardly complain if we conclude it had that intended effect. Salerno v. United States, 8 Cir., 61 F.2d 419, at page 424.

Only one further contention merits mention. In his direct examination defendant denied that any tests were employed at the police station to indicate the degree of his intoxication. In pursuing that subject on cross-examination, the city, over the objections of defendant, brought out the fact that a blood test for intoxication, as provided in SDC Supp. 44.0302-1, was offered and refused. Defendant complains that this constituted prejudicial misconduct. In similar circumstances the Criminal Court of Appeals of Oklahoma held such a cross-examination proper. Barnhart v. State, Okl.Cr., 302 P.2d 793. We concur in that view.

The judgment of the trial court is reversed.

All the Judges concur.