STATE, Respondent v. OLESEN, Appellant

(196 N.W.2d 362)

(File No. 10806. Opinion filed April 13, 1972)

**Charles Poches, Jr.,** Fort Pierre, for appellant.

**Gordon Mydland,** Atty. Gen., **William J. Srstka, Jr.,** Asst. Atty. Gen., Pierre, for respondent.

WOLLMAN, Judge.

Defendant appeals from his conviction by a circuit court jury in Brule County, South Dakota on December 2, 1969 on a charge of operating a motor vehicle while under the influence of intoxicating liquor. SDCL 32-23-1. Defendant's trial counsel filed a notice of appeal on January 7, 1970, and withdrew from further participation in the case on or about April 20, 1970, after which time all further proceedings were handled by defendant's present counsel.

There is ample evidence in the record, including the testimony of the arresting officer and other law enforcement officials and the result of a blood alcohol test which indicated that the sample of defendant's blood taken shortly after defendant's arrest contained .19% alcohol by weight, to support the jury's verdict of guilty.

Defendant's principal contention on appeal is that the trial court erred as a matter of law in admitting into evidence certain exhibits relating to the taking and testing of defendant's blood sample. These exhibits consisted of the glass tube and container in which defendant's blood sample was sent to the State Chemical Laboratory at Vermillion, South Dakota, the data card accompanying the sample, and the written report of the assistant state chemist.

During the trial, defense counsel objected to the introduction of the written report on the ground that no authenticity had been shown and that the report was not signed by anyone. This objection was overruled. Defense counsel objected to the introduction of the data card on the ground that there had been no testimony offered to connect the card to the blood sample tube. This objection was also overruled. Defense counsel made the following objection when the state offered into evidence the blood sample tube and container:

"I will object to the tube, the sample, on the grounds there is no evidence showing that this tube, that the tube contained any mailing tube or was the same tube that was taken at the hospital and placed in whatever. We don't know, there has been no evidence and therefore, I object to the foundation of that tube as being irrelevant, incompetent, immaterial to any of the issues in this case, no foundation laid, no evidence it wasn't opened and removed."

This objection was also overruled by the court. It should be mentioned that the chain of possession of the respective exhibits from the time they were secured or prepared until the time they were actually offered into evidence by the state's attorney in the course of the trial was well established by the state's witnesses.

The sample of defendant's blood was taken by a medical technician employed at the Community Bailey Hospital in Chamberlain, South Dakota. This witness testified that she had had 15 months' training at Northwestern Institute, Minneapolis, Minnesota, and that she had been employed as a medical technician for two years at the Chamberlain Clinic and for about six months at the Chamberlain Hospital. She testified that she had drawn blood for blood alcohol tests prior to August 1, 1968, and that she had followed the established procedure for drawing blood samples at the time she took the sample of blood from defendant.

She testified that she had cleansed defendant's arm with zephiran spray, which she described as a nonalcoholic cleansing agent, prior to withdrawing the blood sample. She further testified that she had used a sterile needle and syringe from a sterile prepackaged pack to withdraw the blood sample and that none of the instruments used during the procedure had come into contact with any form of alcoholic substance. After withdrawing the blood sample she broke the seal on the sample tube which one of the officers had given her, put the defendant's blood sample into the tube, sealed and initialed it and then handed it to the officer. The assistant state chemist testified that the blood sample tube was sealed when he received it at his office.

In State v. Guthrie, 85 S.D. 228, 180 N.W.2d 143, the person who had taken the blood sample was not called as a witness. Although he was referred to in the record as "Doctor Stevens", there was no showing that he was a medical practitioner. Moreover, the record was "silent as to the manner in which the needle and the syringe used in withdrawing the blood were sterilized and as to how the area on the defendant's arm where the blood was taken was disinfected." 180 N.W.2d at 144. It was in the face of such a record that the court held that a sufficient foundation had not been established for admitting into evidence the blood sample and the result of its analysis.

It is apparent from the foregoing summary of the evidence in the instant case that adequate foundation was laid by the state for the introduction of the blood sample and the results of the analysis. Defendant's general objection was thus properly overruled; he is bound by the grounds stated in the objection. State v. Hermandson, 84 S.D. 208, 169 N.W.2d 255.

Defendant contends that the evidence concerning the blood alcohol test was improperly admitted because SDCL 32-23-14 is vague and unconstitutional because of its uncertainty and vagueness in failing to properly define or set forth who is a laboratory technician, medical technician, or medical technologist.

At all times material herein, SDCL 32-23-14 read as follows:*

"Only a physician, laboratory technician, or medical technician or medical technologist acting at the request of a law enforcement officer can withdraw blood for the purpose of determining the alcoholic content therein. This limitation shall not apply to the taking of a urine, breath or other bodily substance specimen."

Defendant has asked us to take judicial notice that there are no rules or regulations filed by any agency of the State of South Dakota setting forth qualifications for a laboratory tech-

---

* Registered nurses may now also withdraw blood for a blood alcohol test. Ch. 193, Laws of 1971.

nician, medical technician or medical technologist. We do not reach this question, however, for defendant is bound by his failure to attack the constitutionality of SDCL 32-23-14 in the trial court. No specific objection was made during trial that the person who withdrew the blood sample from defendant was not a person authorized by SDCL 32-23-14 to withdraw blood. At no time prior to, during, or after the trial was the trial court's attention specifically drawn by a motion to suppress, motion for directed verdict or other apt motion to the question which defendant now raises on appeal. We think the rule set forth in State v. Williams, 84 S.D. 547, 173 N.W.2d 889 is applicable here:

> "The record does not show that the question of constitutionality was raised below or that the information for that reason did not state criminal offenses. It is the rule that the constitutionality of a statute cannot be raised for the first time on appeal. Empey v. Rapid City, 78 S.D. 462, 103 N.W.2d 861; Tri-State Auto Auction, Inc. v. Ostroot, 76 S.D. 69, 72 N.W.2d 427. The rule applies in criminal as well as in civil actions. An appeal brings only to this court for review errors committed by the trial court which appear in the record and have been preserved and presented in the manner prescribed by applicable procedural provisions. State v. Rathjin, 46 S.D. 412, 193 N.W. 247; State ex rel. Ruffing v. Jameson, 80 S.D. 362, 123 N. W.2d 654." [173 N.W.2d 889, 893]

■■ Defendant contends that the trial court erred in denying his motion for a new trial made on May 8, 1970, based on the allegation in his supporting affidavits that there had been improper communication between the foreman of the jury and one of the bailiffs. The state filed the affidavits of both bailiffs, the foreman of the jury and the sheriff in resistance to the motion. The state moved to dismiss the motion for a new trial on the ground that the trial court no longer had jurisdiction over the case. SDCL 23-50-4. The notice of appeal was served and filed in January of 1970 together with the clerk's fee. Proof of service was filed on March 10, 1970. Thus the appeal was perfected well before May 8, 1970, the date of the motion for new trial. SDCL 23-51-4.

SDCL 23-51-15 provides that:

"The Supreme Court, after an appeal has been perfected, may, under the conditions specified and in the same manner as provided by § 15-30-1, remand the record to the trial court for the purpose of entertaining a motion for new trial."

Defendant made no application to this court to remand the record to the trial court. Thus the trial court was without jurisdiction to consider the motion. Assuming for purpose of review that the trial court had jurisdiction to entertain the motion, we are satisfied that the trial court did not err in denying the motion. The affidavits filed by the state sufficiently explained the alleged improper communication so that a question of fact was presented for determination by the trial court whether defendant had in fact suffered any prejudice. State v. Brown, 84 S.D. 201, 169 N.W.2d 239.

The conviction is affirmed.

HANSON, P. J., and BIEGELMEIER and WINANS, JJ., concur.

DOYLE, J., not having been a member of the court at the time of argument, took no part in this decision.