STATE, Respondent v. WALZ, Appellant

(218 N.W. 2d 480)

(File No. 11314. Opinion filed May 28, 1974)

Jay Tapken, Olivet, for defendant and appellant.

Kermit A. Sande, Atty. Gen., by Walt Andre, Asst. Atty. Gen., Pierre, for plaintiff and respondent.

WINANS, Justice.

The defendant, Walter Walz, was tried before a jury in the District County Court of Yankton County and found guilty of driving a motor vehicle while under the influence of intoxicating liquor. He appeals, contending that the lower court erred in refusing to suppress as evidence the results of a chemical analysis of his blood.

On December 23, 1972, the defendant was observed by a state highway patrolman driving in an erratic manner on a country road in Yankton County. The patrolman stopped the defendant and, after detecting alcohol on his breath, asked him to submit to a test to determine his blood-alcohol content. The defendant subsequently consented to the test after the patrolman advised him of his rights with respect to the South Dakota Implied Consent Law. Thereupon, the defendant was taken to Yankton and subjected to a breathalyzer test by a member of the Yankton City police force. The highway patrolman was not satisfied with the results of the breathalyzer test since, as he testified, the defendant did not blow deep breaths into the machine as he had been requested to do. Thus, the patrolman asked the defendant to submit to a blood test. In requesting the additional test, the patrolman informed the defendant that he was under no obligation to take a second test; that he could refuse to submit to it; and that said refusal would not in any way affect his drivers license. Despite these warnings, the defendant voluntarily submitted to the blood test and his blood sample was later found to contain .17 percent alcohol by weight, well above the statutory presumption of intoxication as set forth in SDCL 32-23-7.

In this appeal, the defendant argues that the results of the blood test should have been suppressed as evidence since, pursuant to SDCL 32-23-10, he could only be compelled to submit to one chemical test. In support of his argument, the

defendant relies on Stensland v. Smith, 1962, 79 S.D. 651, 116 N.W.2d 653. In that case, in reference to SDCL 32-23-10 we stated:

> "Under our law a driver is likewise deemed to have given his consent 'to a chemical analysis of his blood, urine, breath, or other bodily substance'. Our statute speaks in the singular with reference to 'a chemical analysis', 'such test', and 'such chemical analysis'. * * * It does not contain the alternative plural words 'or tests'. Accordingly, it seems clearly evident that a motorist in this state impliedly consents to only one of the tests mentioned in our law."

■ It is our conclusion that our language in Stensland is inapplicable to the present case. We are not concerned with implied consent in this case. The defendant gave his actual consent to submit to the blood test after being fully advised by the patrolman that he could not be compelled to take the test. By consenting to the second test, the defendant waived his statutory right to submit to only one test. Moreover, it is significant that the second test was requested as a result of the failure of the defendant to cooperate in the administration of the first test. By failing to cooperate in the first test, the defendant also waived any objection he may have had to the taking of the second test.

■ The defendant also argues that the trial court erred in admitting into evidence the blood sample and the results of the analysis thereof for the reason that the state failed to adequately identify the blood sample as the one obtained from him. In this regard, the record reveals that the procedure followed by those responsible for handling the blood specimen was somewhat careless in certain respects. However, the medical technician who extracted the sample testified that he put the sample into a tube labeled as "blood received from Walter Walz"; that he sealed and initialed the tube; and that he handed it to a police officer. Other evidence indicated that the sample was placed in the mail. The state chemist testified that the blood sample was properly sealed and labeled when he received it in the mail. In view of this testimony, the blood sample was adequately identified and there was no error in admitting it as evidence. See State v. Olesen,

1972, 86 S.D. 367, 196 N.W.2d 362.

Judgment affirmed.

All the Justices concur.