**STATE of South Dakota, Plaintiff and Appellant,**

v.

**Victoria Eileen DUPRIS, Defendant and Appellee.**

**No. 14925.**

Supreme Court of South Dakota.

Considered on Briefs July 31, 1985.

Decided Aug. 21, 1985.

Robert Mayer, Asst. Atty. Gen., Pierre, for plaintiff and appellant; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Richard L. Bode of Maher, Carter, Arendt & Bode, Pierre, for defendant and appellee.

HENDERSON, Justice.

This is an expedited appeal from an order granting a new trial. We affirm.

In the early morning hours of June 1, 1984, a knife-wielding fight broke out between Victoria Dupris, defendant-appellee herein, and Dawn White Eagle. This was after the two, with others, had consumed alcohol and smoked marijuana. The fight occurred in Dupris' trailer house in Pierre and caused a severe facial laceration to White Eagle. On July 16, 1984, Dupris was charged with aggravated assault, SDCL 22–18–1.1(2). She entered pleas of not guilty and not guilty by reason of insanity.

Trial was held before a jury on December 5 and 6, 1984. The first day's events consisted of pretrial motions, jury selection, opening statements, and all of the State's testimony except that of Dawn White Eagle—the victim. The testimony elicited on this first day came from a psychologist and a psychiatrist explaining that Dupris knew right from wrong. Testimony was also elicited from police officers concerning photographs taken after the fight, the weapon found at the scene, and statements taken from the defendant and the victim. On the second day of trial, the victim and Dupris testified along with a physician's assistant, a nurse, a friend, a neighbor, and a relative

of White Eagle. At the close of the trial on the second day, the jury found Dupris guilty of aggravated assault.

On January 7, 1985, Dupris was sentenced to five years in the State Penitentiary. This sentence was later contained in a Judgment of Conviction dated January 9, 1985. On this later date, Dupris' trial counsel was appointed to represent her on appeal and counsel was orally informed by the trial court that the transcript of the first day of trial was unaccounted for and unavailable.

On January 18, 1985, Dupris filed a Notice of Appeal and Order for Transcript. By a letter from the trial court dated January 29, 1985, Dupris was formally notified that the stenographic notes of the first day of trial were lost. On February 12, 1985, a Motion for New Trial was filed with the trial court and on February 15, 1985, a similar motion was filed with this Court. However, before this Court could act, the trial court conducted a hearing on Dupris' new trial motion. At the conclusion of this hearing, the trial court decided to defer a ruling on the motion until this Court had acted. Thereafter, and on February 28, 1985, this Court remanded the new trial motion to the trial court for decision.

A second hearing was held on Dupris' motion on March 7, 1985, and by an Order dated March 19, 1985, the trial court granted the motion. It is from this Order granting Dupris a new trial that the State now appeals.

■ The State and Dupris advance various arguments which address a single issue: Did the trial court err when it granted Dupris a new trial? In resolving this question, we initially note that the grant or denial of a new trial motion is a matter solely within the discretion of the trial court and will not be disturbed on appeal unless such discretion has been abused. *State v. Swallow*, 350 N.W.2d 606, 611 (S.D.1984); *State v. Martinez*, 88 S.D. 369, 373, 220 N.W.2d 530, 532 (1974). We also note that when seeking the reversal of an order granting a new trial, the appellant must present a very strong, clear, and plain showing of abuse. *See State v. Lambert*,

60 S.D. 172, 174, 244 N.W. 118, 118 (1932); *State v. Ruhaak*, 59 S.D. 636, 637–38, 241 N.W. 793, 794 (1932); *State v. Crowley*, 20 S.D. 611, 612, 108 N.W. 491, 491 (1906). For the reasons hereinafter delineated, we hold that the trial court did not abuse its discretion.

■ Dupris was formally notified of the lost stenographer's notes on January 29, 1985. Her appeal, however, was perfected prior to this time. Thus, until remanded by this Court, the trial court did not have jurisdiction to entertain a new trial motion. *State v. Olesen*, 86 S.D. 367, 373, 196 N.W.2d 362, 365 (1972). Thereafter, upon the filing of such a motion with this Court and our remand thereof, the normal time limitations for filing a new trial motion with the trial court, contained within SDCL 23A–29–1, were waived. The State's contentions that the trial court abused its discretion because the motion was not timely filed, are therefore without merit.

The State next contends that SDCL 23A–32–18 limited this Court when remanding Dupris' motion to the conditions specified in SDCL 15–30–1, which in turn limits Dupris' causes for a new trial to those set forth in SDCL 15–6–59(a)(1)–(4). The State then asserts that because the conditions in the latter statute do not exist in the present case, the trial court abused its discretion. With these contentions, we disagree.

■ Although SDCL 15–30–1 is normally a limitation upon this Court's power to remand for the trial court's consideration a motion for a new trial, *State v. Bean*, 265 N.W.2d 886, 892 (S.D.1978), under the facts of this case, we find the statute inapplicable.

■ Under SDCL 15–15–1 and SDCL 15–15–2, a court reporter or the clerk of the court shall make a record of the proceedings in any trial, motion, or other proceeding of any kind before the court and the burden of providing such a record does not fall upon counsel. *Davis v. Kressly*, 80 S.D. 254, 259, 122 N.W.2d 219, 222 (1963).

■ Under SDCL 23A–32–2, South Dakota has also established for criminal de-

fendants a statutory right of appeal. *State v. Davis*, 77 S.D. 87, 87, 86 N.W.2d 174, 174 (1957). If the criminal defendant is indigent, a transcript of the trial proceedings must be furnished at the county's expense. SDCL 23A–32–1. "In order to assure that a defendant's right to appeal will not be an empty, illusory right, we require that he or she be furnished a full transcript or other equivalent picture of the trial proceedings." *Commonwealth v. Shields*, 477 Pa. 105, 108, 383 A.2d 844, 846 (1978). Having established a right of appeal and the manner for preserving the record, it is necessary that a full opportunity to invoke that right be provided. Due process and fundamental fairness are therefore the important considerations and the trial court was not constrained on remand of the motion to the dictates promulgated by SDCL 15–30–1 and SDCL 15–6–59(a)(1)–(4). Here, one-half of the complete trial transcript was unavailable for appeal or counsel's review. This missing portion concerned pretrial motions, jury selection, opening statements, and almost all of the State's witnesses. On remand of the new trial motion, the trial court decided, inter alia, that Dupris would be denied due process if she was required to prosecute her appeal with less than a complete record. Based on the facts of this particular case, we agree. The trial court's adjudication for a new trial was not an abuse of discretion.

 This is not to suggest that in all future cases wherein the transcript, stenographic notes, or portions thereof are missing or lost, that the aggrieved party is carte blanche entitled to a new trial. "[A] merely technically incomplete record, involving no substantial or significant omissions, will not be sufficient" to order a new trial. *United States v. Selva*, 559 F.2d 1303, 1306 n. 5 (5th Cir.1977). Other equivalent pictures of the trial proceedings may assure a defendant's right to appeal. *Shields*, 383 A.2d at 847. "Alternative methods of reporting trial proceedings are permissible if they place before the appellate court an equivalent report of the events at trial from which the appellant's contentions arise." *Draper v. Washington*, 372 U.S. 487, 495, 83 S.Ct. 774, 779,

9 L.Ed.2d 899, 905 (1963). Under SDCL 15–26A–54, SDCL 15–26A–55, and SDCL 15–26A–56, the parties may prepare a statement of the proceedings, a statement of the case, or a stipulation and prosecute an appeal therefrom. Such statements or stipulations could be constructed from a variety of sources including counsels' and the court's recollection, notes, depositions, reports, exhibits and other probative materials. Reconstruction will be the procedure followed in most cases, unless the appellant can show some specific error or prejudice resulting from the failure to record and/or preserve records of the trial proceedings. *United States v. Alfonso*, 552 F.2d 605, 620 (5th Cir.1977) (holding that failure to record court proceedings as required by 28 U.S.C. § 753(b) does not constitute prejudicial error per se). *See also*, *United States v. Long*, 419 F.2d 91, 94 (5th Cir.1969), and *Addison v. United States*, 317 F.2d 808, 811 (5th Cir.1963). "The attorney, having been present at trial, should be expected to be aware of any errors or improprieties which may have occurred during the portion of the proceedings not recorded." *Selva*, 559 F.2d at 1306. However, notes and memory can often be faulty or incomplete and it is up to the trial court to determine if a specific showing of prejudice exists and if adequate alternatives to a complete verbatim transcript alleviate the prejudice. Thus, the grant or denial of a motion for a new trial, because of lost or missing transcripts, or an order requiring reconstruction of the record, will be in the sound discretion of the trial court. Findings of the trial judge reflect that the role players involved in this case could not adequately reconstruct the record of the first day's testimony. Thus, there is no abuse of discretion and the trial court's order granting a new trial is affirmed.

All the Justices concur.

WUEST, Circuit Judge, Acting as Supreme Court Justice, participating.