**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Sammy B. SHEPLEY, Jr., Defendant and Appellant.**

**No. 16112.**

Supreme Court of South Dakota.

Argued Jan. 11, 1989.

Decided April 26, 1989.

Wade A. Hubbard, Asst. Atty. Gen., (Roger A. Tellinghuisen, Atty. Gen., on the brief), Pierre, for plaintiff and appellee.

Patrick M. Schroeder, Minnehaha County Public Defender, Sioux Falls, for defendant and appellant.

WUEST, Chief Justice.

Defendant, Sammy B. Shepley, Jr., was convicted of first degree rape. Following his conviction, defendant filed a motion for a mistrial and a motion for a new trial. These motions were based upon two comments allegedly made by the assistant state's attorney during closing argument. The trial court denied both motions. Defendant now appeals to this court, contending that the trial court erred in denying his motion for a mistrial and in refusing to grant him a new trial because the remarks made by the assistant state's attorney were improper and highly prejudicial, thereby denying defendant of his right to a fair trial. We disagree with defendant's contention and affirm his conviction.

Defendant's conviction of first degree rape stems from an incident which occurred in the early hours of August 30, 1987, in Sioux Falls, South Dakota. According to the rape victim's testimony, she met defendant at a Sioux Falls bar where they danced several times. Upon the bar's closing, defendant asked the victim to drive him to a party hosted by some of his friends. The victim acquiesced to defendant's request and drove him to the party, stopping en route at defendant's residence. When the two arrived at the party's location, the victim indicated to defendant that she did not want to go to the party. Defendant then asked her to drive him to his home after he briefly visited with his friends. The victim again complied with defendant's request. On the trip back to defendant's home, defendant began to fondle the victim. She resisted defendant's advances and demanded that he discontinue this behavior. When they reached defendant's residence, defendant took off his pants and also attempted to remove the victim's clothing. A struggle ensued in the car which resulted in the victim's sustaining an injury to her left eye. Eventually, defendant overpowered the victim and forced her to have sexual intercourse with him.

Defendant testified on his own behalf at the trial. He denied having raped the victim, claiming that she consented to the sexual encounter. Defendant also denied striking the victim in the eye.

In this appeal, our attention is directed toward two statements allegedly made by the assistant state's attorney during closing argument. It is difficult to ascertain with specificity what was said by the assistant state's attorney because he and defense counsel waived transcription of the closing arguments. The only documentation of these comments consists of defense counsel's recollection as set forth in an affidavit supporting defendant's motion for mistrial and his motion for a new trial.

This affidavit was prepared five days after the conclusion of defendant's trial. No opposing affidavit was submitted by the state.

According to the affidavit, the assistant state's attorney's first objectionable remark concerned the injury to the victim's left eye. At trial, the assistant state's attorney elicited testimony from the victim's boyfriend, Wayne Boer (Wayne), that he had never struck the victim. In an attempt to impeach Wayne's testimony, defense counsel called to the stand Wayne's ex-wife, Ann Boer (Ann). Ann testified that Wayne had struck her several times during their marriage. During closing argument, the assistant state's attorney allegedly stated in regard to Ann's testimony, "Apparently, the trial judge in the divorce action didn't believe her."

The other statement of which defendant complains regarded his credibility. According to defense counsel's affidavit, the assistant state's attorney stated, "Even defendant's attorney doesn't believe the defendant."

At the hearing regarding defendant's motion for a mistrial and his motion for a new trial, the trial judge acknowledged that defense counsel appropriately objected to both comments when they were made. In addition, the trial judge recalled that he had sustained both objections and had instructed the jury to disregard both remarks unless they were supported by a fair inference drawn from the evidence. The trial judge further noted that defense counsel failed to move for a mistrial at any time during the course of the assistant state's attorney's closing argument. Had defense counsel made such a motion, the trial judge then would have had to determine whether the assistant state's attorney's remarks were so improper and prejudicial as to require a mistrial. Since no motion for a mistrial was made during the assistant state's attorney's closing argument and because the trial judge believed the evidence of defendant's guilt was overwhelming by the time the case was submitted to the jury, defendant's motions for a mistrial and a new trial were denied.

On appeal to this court, defendant contends that the statements allegedly made by the assistant state's attorney denied him a fair trial. He argues that this case, like other rape cases, rested on the credibility of the witnesses. As a result of the assistant state's attorney's comments, defendant claims that his credibility was irreparably damaged despite the trial court's admonishing the jury. The state argues that defendant failed to present a reviewable issue to this court because no adequate trial record exists. Defendant counters this argument by asserting that an attempt was made to reconstruct the record via defense counsel's affidavit. In the alternative, defendant claims that the trial court's refusing to grant a mistrial constitutes plain error.

■■■ This case presents to us two concerns, neither of which we are particularly fond. We are first concerned with the allegations of prosecutorial misconduct. On more than one occasion, we have decried attempts by prosecuting attorneys to use disingenuous trial tactics which have the effect of endangering or obviating a defendant's right to a fair trial. Our second concern regards the waiving of the transcription of voir dire, opening statements and closing arguments by counsel for both parties in the present case. We question the attorneys' wisdom and foresight and recommend that the trial courts refrain from approving this practice in felony cases.[1]

On three recent occasions, this court has been asked to assess a prosecuting attorney's allegedly improper remarks which were to be found nowhere in the record because transcription of opening statements or closing arguments had been waived. Each time, we held that we could not independently review the prosecutor's allegedly improper comments because of the incomplete record and that we had to presume that the trial court acted correct-

---

1. In all fairness to the attorney representing defendant in this appeal, we note that he was not defense counsel at the trial.

ly. *See State v. Olson,* 408 N.W.2d 748 (S.D.1987); *State v. Garton,* 390 N.W.2d 61 (S.D.1986); *State v. McNamara,* 325 N.W. 2d 288 (S.D.1982).

The present case is similar to the three cases cited above, but it adds a new dimension. Here, defense counsel attempted to reconstruct the record by setting forth in an affidavit his recollection of the assistant state's attorney's remarks. Defendant claims that this attempt to reconstruct the record provides a basis for his appeal to this court. In support of his contention, he cites *State v. Dupris,* 373 N.W.2d 446 (S.D. 1985).

In *Dupris,* this court upheld the trial court's granting the defendant a new trial because one-half of the complete trial transcript was unavailable for appeal or counsel's review. We, however, stated:

This is not to suggest that in all future cases wherein the transcript, stenographic notes, or portions thereof are missing or lost, that the aggrieved party is carte blanche entitled to a new trial.... Other equivalent pictures of the trial proceedings may assure a defendant's right to appeal. "Alternative methods of reporting trial proceedings are permissible if they place before the appellate court an equivalent report of the events at trial from which the appellant's contentions arise." ... [P]arties may prepare a statement of the proceedings, a statement of the case, or a stipulation and prosecute an appeal therefrom. Such statements or stipulations could be constructed from a variety of sources including counsels' and the court's recollection, notes, depositions, reports, exhibits and other probative materials. Reconstruction will be the procedure followed in most cases, unless the appellant can show some specific error or prejudice resulting from the failure to record and/or preserve records of the trial proceedings.

*Id.* at 449 (citations omitted).

Although our holding in *Dupris* clearly permits the reconstruction of an incomplete trial record, we believe defendant's reliance on *Dupris* is misplaced. Defense counsel

in the present case prepared the affidavit setting forth his recollection of the assistant state's attorney's comments five days after the close of the trial. We believe that if defense counsel found the statements of the assistant state's attorney prejudicial to defendant, he should have attempted to preserve such remarks by immediately requesting a recess and reconstructing the record in the trial judge's chambers. *See Olson,* 408 N.W.2d at 752. This procedure would have decreased the risk of error in the "reconstructed record" due to a faulty or incomplete recollection.

Our discussion, however, does not end here. As previously noted, the recollection of defense counsel has not been contradicted by the state. "In the absence of a counter showing this statement of counsel must be accepted as true." *City of Sioux Falls v. Johnson,* 78 S.D. 272, 275, 100 N.W.2d 750, 751 (1960) (*citing State v. Wolfe,* 64 S.D. 178, 184, 266 N.W. 116, 119 (1936)). We accept as true defense counsel's recollection and find the assistant state's attorney's remarks to be clearly objectionable and highly improper as defendant contends. We, however, cannot say that the statements of which defendant complains were so detrimental to his right to a fair trial that his conviction must be reversed.

In *State v. Kidd,* 286 N.W.2d 120, 121–22 (S.D.1979), we stated:

[N]o hard and fast rules exist which state with certainty when prosecutorial misconduct reaches a level of prejudicial error which demands reversal of the conviction and a new trial; each case must be decided on its own facts. Furthermore, we will not disturb the trial court's ruling on a motion for a new trial based on misconduct of counsel unless we are convinced there has been a clear abuse of discretion. (Citations omitted).

We believe that the trial judge in the present case heard the assistant state's attorney's objectionable remarks and had ample opportunity to note whether they had any apparent effect on the jury. Furthermore, the trial judge, in an effort to extirpate any effect the comments may have

had on the jury, admonished it to disregard both remarks. In light of the foregoing and the strength of the state's evidence adduced at trial, we hold that the improper statements made by the assistant state's attorney did not deprive defendant of his right to a fair trial. Accordingly, we also hold that the trial court did not abuse its discretion in denying defendant's motion for a new trial.

■ In regard to defendant's motion for a mistrial, we note that he did not make this motion at the time the assistant state's attorney made his objectionable comments. Having failed to do so, defendant did not allow the trial court to make a decision from which there could be an abuse of discretion. Defendant therefore has not preserved this issue for appeal. *See State v. Dace,* 333 N.W.2d 812 (S.D.1983); *State v. Luna,* 264 N.W.2d 485 (S.D.1978). Nevertheless, defendant asserts that this issue is preserved because the assistant state's attorney's making improper statements constitutes plain error under SDCL 23A–44–15.[2] "We have recognized the plain error rule, but only in exceptional cases, and then it must be applied cautiously. The rule does not encompass every error that occurs at trial, but only those errors which are both obvious and substantial." *State v. Dornbusch,* 384 N.W.2d 682, 686 (S.D.1986), *State v. Clabaugh,* 346 N.W.2d 448, 452 (S.D.1984). *See also State v. Brammer,* 304 N.W.2d 111 (S.D.1981). We believe the claim set forth by defendant does not rise to the level of plain error.

We affirm the decision of the trial court.

MORGAN and MILLER, JJ., concur.

HENDERSON, J., dissents.

SABERS, J., dissents without a writing.

**2.** Under SDCL 23A–44–15, "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of a court."

**HENDERSON, Justice (dissenting).**

We are not confronted with reconstructing a day's testimony such as in *Dupris,* cited in the majority opinion.

We are reviewing the reconstruction of closing argument.[1] And more specifically, a highly damaging and improper statement of the prosecutor in closing argument.

The statement is as follows: "Even defendant's attorney doesn't believe the defendant." An affidavit, to reconstruct the record, to establish that this statement was made was prepared by defendant's trial counsel. Under *Dupris,* this was an alternative. Said affidavit was not refuted. Under Sioux Falls v. Johnson, cited in the majority opinion, this statement must therefore be accepted as a verity. Buttressing the reconstruction of the record is a Motion Hearing transcript dated December 14, 1987, in which the trial court verifies that this statement in closing argument was made. At page 3 thereof, we read:

> THE COURT: In reference to the State's Attorney's statement to the jury in substance that defense attorney didn't believe the defendant, in addition to sustaining the objection of defense attorney to that comment, the Court instructed the jury that not only was the opinion of counsel improper and not relevant but that to make such an argument was improper. And that the State's Attorney's argument was improper and should be disregarded.

Defense counsel (not same counsel on appeal)[2] did object to this "foul blow" statement. Objection was sustained. Jury was cautioned. No motion for mistrial was then made by defense counsel. This was a mistake under our previous rulings. Post-trial motions for (a) mistrial and (b) new trial were thereafter filed. Both motions were subsequently denied.

**1.** Both prosecutor and defense counsel agreed that closing argument need not be transcribed by the court report.

**2.** The Minnehaha County Public Defender's Office was appointed to perfect this appeal.

*State v. Garton*, 390 N.W.2d 61, 63 (S.D. 1986), instructs us that "[t]he closing arguments herein, however, were not transcribed and an incomplete record exists. The rule concerning incomplete records is that we presume the trial court acted properly." *Id.* (citing *State v. Hall*, 272 N.W. 2d 308, 311 (S.D.1978)). Not desiring to cast aside well-settled law in this state, I hazard to express that in the case under consideration we have a distinguishable situation. A record of the pertinent issue (the prosecutor's statement) stands unrefuted. Thus, *Garton* and progeny are not squarely on point. *State v. Olson*, 408 N.W.2d 748 (S.D.1987), would not be eroded by my viewpoint. Again, in *Olson*, we held: "Also, since no record was made of the prosecutor's statement, we have nothing to review." *Id.* at 752 (citing *State v. Koenig*, 333 N.W.2d 800 (S.D.1983), *cert. denied*, 464 U.S. 940, 104 S.Ct. 354, 78 L.Ed.2d 318 (1983); *State v. O'Connor*, 265 N.W.2d 709, 711 (S.D.1978)). We do have something to review in this case. We absolutely know that the prosecutor made this outlandish statement.

Conceding defense counsel acted untimely in making a motion for mistrial, still it becomes obvious that he valiantly fought for his client. However, to prevent further comments such as this by prosecutors in South Dakota, I would reverse on the basis of SDCL 23A–44–15. "Plain *errors* or defects *affecting substantial rights may be noticed although* they were *not brought to the attention of a court.*" This case is a classic example of why the State Legislature enacted SDCL 23A–44–15. There is an error here. It is substantial. It does affect a substantial right. *State v. Brammer*, 304 N.W.2d 111 (S.D.1981). It is understood that this Court must apply the plain error rule in only exceptional cases. Further, we must apply it cautiously. *State v. Dornbusch*, 384 N.W.2d 682, 686 (S.D.1986). We can apply this rule cautiously here, limiting our holding to not exonerate a prosecutor making such an outrageous attack on his fellow attorney and the attorney-client relationship. Nor, as I have expressed above, need we erode or overrule previous decisions. We have

before us a remark which goes to the heart of a person's right to assistance of counsel. If that right, guaranteed by the United States Constitution, within the Sixth and Fourteenth Amendments, falls—then our entire system of a fair trial by an impartial jury falls—and with it—the system by which all criminal defendants are tried. We cannot let this happen. We cannot tolerate prosecutors making deliberate comments like this simply "to win."

In my opinion, no cautionary instruction could have obliterated the prejudicial impact. Jurors could arrive at but one conclusion (in a case primarily involving credibility): Even his own lawyer does not believe him! As we stated in *State v. Webb*, 251 N.W.2d 687, 689 (S.D.1977): "[I]t is pure fiction to suppose that the damage done is eradicable by objection and/or cautionary instructions."

In the end, we ask ourselves: Is it "reasonably clear that the substantial rights of the defendant have been so violated that he did not receive a fair trial?" *Id.* at 689 (quoting *State v. Reddington*, 80 S.D. 390, 397, 125 N.W.2d 58, 62 (1963).

Appellant was not afforded a fair trial. This iniquitous statement of the prosecutor, attacking the sincerity of his legal adversary, was inflammatory; the prosecutor used improper methods. *See State v. Blaine*, 427 N.W.2d 113, 116 (S.D.1988).

I simply cannot support a decision which would permit a prosecutor to use a defendant's own attorney as a weapon against him. When will any defendant or defense counsel be safe from such a vicious, outlandish attack as this—in the future?

Critically, I call to the attention of the Bench and the Bar these ethical considerations: Canon 7 of the Code of Professional Responsibility states: "A Lawyer Should Represent a Client Zealously Within the Bounds of the Law." Ethical Consideration 7–13 under Canon 7 states:

> "The responsibility of a public prosecutor differs from that of the usual advocate; his duty is to seek justice, not merely to convict." SDCL ch. 16–18, Appx.

Disciplinary Rules, DR 7–106 Trial Conduct, Subsection C, states:

> In appearing in his professional capacity before a tribunal, a lawyer shall not:
>
> (1) State or allude to any matter that he has no reasonable basis to believe is relevant to the case or that will not be supported by admissible evidence ...
>
>   \*   \*   \*   \*   \*   \*
>
> (7) Intentionally or habitually violate any established rule of procedure or of evidence.

SDCL ch. 16–18, Appx.[3]

We have, before us, a prosecutor's cold, deliberate, calculated statement to persuade by illegitimate means. Was his statement a comment on the evidence? No. Was it a slip of the tongue in the heat of argument? No. Was there a reasonable basis to believe that it was relevant to finding the facts? No. Was it supported, by any reasonable reference, to evidence admitted during the trial? No.

We recently celebrated the 200th anniversary of our country. Aloft in memory was our National Constitution. Streamers. Tears. Pride. Joy. Love.

Now, in 1989, we celebrate the 100th anniversary of South Dakota's statehood. We extol our state constitutional rights. Again, we note how precious our constitutional rights are. More streamers. Parades. Picnics. Pride. Joy. Historical observances. Flags fluttering in the breeze.

This rape conviction resulted from a factual scenario wherein the victim and appellant—total strangers—met and danced at a night club until 2 a.m.; and, after dancing the last dance together, victim acceded to give him a ride to a party and later agreed to give him a ride back to his house. These facts, indeed no facts, can justify perpetration of a first-degree rape but give rise to a great question of credibility between the victim, who claimed she was raped, and the appellant, who claimed the act of intercourse was consensual. In this evidentiary back-

drop, the prosecutor, knowing that he was not "on the record," cried out "even defendant's attorney doesn't believe the defendant."

But, meanwhile, back at the ranch, as my constituents would ask: What happened to our constitutional rights? Obviously, they mean nothing unless we put them into practice. It should be mentioned that this appellant was sentenced to fifteen years in the state penitentiary.

Justice. It is like the rainbow—evanescent and elusive. We admire its beauty. It is non-corporeal. We cannot touch it. We strive to grasp it. But, so often, as the rainbow, it recedes beyond our reach, as we walk on. This case should be reversed for a new trial—one in which the prosecutor cannot elevate zeal over fairness—thus ensuring the right of a constitutionally fair trial. Accordingly, walking on, pursuing the rainbow, I respectfully dissent.

---

**3.** Under the current South Dakota Rules of Professional Conduct, effective July 1, 1988, the special responsibility of prosecutors as minis-

ters of justice is set out in the comment to Rule 3.8, SDCL ch. 16–18, Appx. Former Disciplinary Rule 7–106(C) is replicated in Rule 3.4(e).